IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

MARY CATHERINE "KATIE" SANCHEZ )
)
*Plaintiff*, )
)
v. ) Cause No. 4:19-CV-00037
)
PRESIDIO COUNTY, TEXAS and )
FRANCES GARCIA in her individual )
Capacity ) Jury Trial Requested

*Defendant.*

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

COMES NOW, the Plaintiff, Mary Catherine Sanchez, complaining of the Defendant, Presidio County, and would allege the following.

## PARTIES

1. The Plaintiff is a resident of Presidio County, Texas.

2. Defendant Presidio County, Texas is a Texas county and it may be served with process by serving the Presidio County Judge, Cinderela Guevara, P.O. BOX 606, 300 N. Highland Avenue, Marfa, Texas 79843.

3. Defendant Frances Garcia ("Garcia") is a resident of Presidio County, Texas and she may be served with process at P.O. Box 1055, 300 N. Highland Avenue, Marfa, Texas 79843.

## JURISDICTION

4. This action arises under 42 U.S.C. § 1983, to vindicate the Plaintiff's rights guaranteed by the First Amendment to the United States Constitution, including the right to be free from retaliation and retribution as a result of seeking political office.

# FACTS

5. Plaintiff began working for the Defendant Presidio County on or about 2011 as a contract employee, and became a permanent employee on or about November 2014 when she was hired to work as the Director of the Office of Management and Budget ("OMB").

6. On or about November 2017, Plaintiff announced she would run for county treasurer. Plaintiff's opponent would be the incumbent Presidio County treasurer, Frances Garcia.

7. In March 2018, an election for the county treasurer position was held. Garcia defeated the Plaintiff by about 100 votes.

8. On or about April 2018, Garcia placed an agenda item for executive session of a Presidio County Commissioners Court meeting regarding Plaintiff. After discussion with the Presidio County Attorney, Rod Ponton, "no action" was taken on the item.

9. On or about May 2018, Plaintiff was intentionally blocked access to parts of the Hill Country Software program by the County Auditor. This software contained Presidio County's employee, budgetary and accounting data.

10. On or about August 22, 2018, an agenda item was placed by Commissioner Loretta Vasquez for the elimination of the Office of Management and Budget. The proffered reason for the elimination of the OMB department was to save money. There were no formal County Commissioner discussions on eliminating the OMB prior to this date.

11. In response to the Defendants' politically motivated attempt to retaliate against Plaintiff by abolishing the office she directed, the local media and even the Presidio

County Attorney strongly objected. In a letter dated August 21, 2018 to the Presidio County Commissioner's Court, Presidio County Attorney Rod Ponton opined that Plaintiff's run for office was protected free speech under the First Amendment, and described a vindictive County Treasurer Garcia, and others on her behalf, as "lobbying the County Commissioners to abolish the Office of Management and Budget." Ponton warned Commissioners Court that abolishing the OMB "could be construed as retaliation for her (Sanchez's) constitutionally protected speech," and subject the County to legal liability. This letter was publically read by Mr. Ponton during an open Commissioners Court meeting on August 22, 2018. *A copy of Mr. Ponton's letter is attached as Exhibit "A."*

12. Despite the warning from its own County Attorney, Commissioners Court voted 4 to 1 on August 22, 2019 to abolish the OMB, thereby eliminating Plaintiff's position as the OMB director.

13. On or about September 26, 2018 – a little more than one month after eliminating the OMB under the pretext of saving money, Commissioners Court approved a 2019 budget that included, among other things, a 3% or greater pay raise to all county employees.

## COUNT ONE – FIRST AMENDMENT RETALIATION

14. The above allegations are re-alleged and adopted by reference.

15. Plaintiff asserts that her candidacy for public office constituted speech on a matter of public concern that is protected by the First Amendment.

16. Plaintiff further asserts that her candidacy for public office did not disrupt or have any adverse effect on the performance of County business, or the performance or discipline of its employees.

17. Plaintiff further asserts her protected activity of political candidacy was a motivating factor in the elimination of the Office of Management and Budget, and her position as its director.

18. Plaintiff further asserts that Defendant Garcia knew or should have known that retaliating against a political opponent who was also a county employee was illegal.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court cites the Defendants to answer and appear, and upon final trial enter a judgment upon her favor and award the following:

1. Injunctive and equitable relief;
2. Back pay and benefits;
3. Front pay and benefits;
4. Compensatory damages;
5. Punitive Damages against Garcia only;
6. Attorney's fees;
7. Court costs;
8. Prejudgment and post-judgment interest accruing at the maximum rate allowed by law;
9. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

/s/John A. Wenke
_____
JOHN A. WENKE
State Bar No. 00788643
Attorney for Plaintiff
501 E. California Ave.
El Paso, Texas 79902
Phone: (915) 351-8877
Facsimile: (915) 351-9955
lawoffice@johnwenke.com

**Rod Ponton**
*Presidio County Attorney*



300 North Highland
Post Office Drawer M
Marfa, Texas 79843
(432) 729-4054
(432) 729-3743 fax

August 21, 2018

Presidio County Commissioners Court
Presidio County Courthouse
300 Highland St.
Marfa, TX 79843

Re: Liability Arising From Appearance of Political Retaliation Due to Employee's Protected Speech Actions

To All Concerned Parties:

Katie Sanchez is the current appointed Director of the Presidio County Office of Management & Budget. In March of 2018, she exercised her First Amendment right to run for Presidio County Treasurer in the Democratic Party primary. Her opponent was incumbent Frances Garcia, the current Presidio County Treasurer. Ms. Sanchez lost the primary election, while Ms. Garcia went on to win. Now, Ms. Garcia and others are lobbying the County Commissioners to abolish the Office of Management & Budget; this action would effectively terminate Ms. Sanchez's employment with Presidio County and begs the following question: Would abolishing the Office of Management & Budget expose the County to liability given the potential appearance of political retaliation against Ms. Sanchez for having run against Ms. Garcia?

The courts have long held that running for office is an action protected by the First Amendment and have even addressed this fact in the context of a public employee running for office, much like Ms. Sanchez. The court's most recent analysis on the topic occurred in Phillips v. City of Dallas, C.A.5 (Tex.) 2015, 781 F.3d 772, wherein a city employee asserted a First Amendment challenge to his termination by the City of Dallas following his decision to run in the Democratic Primary for a seat on the County Commissioners Court. The court's Phillips decision affirmed the "unequivocal…recognition of a First Amendment interest in candidacy" for public employees; that, "like all citizens, [public employees have] a constitutionally protected right to actively support, work for and campaign for a partisan candidate for political office or even to run for such office [themselves]"; and that as a "constitutionally 'fundamental' right…[c]andidacy for office is one of the ultimate forms of political expression in our society."

The court's language could not be stronger in connecting a public employee's running for office to that individual's exercise of free speech. Therefore, Ms. Sanchez's situation and the county's potential for liability then hinges upon whether her effective termination could be construed as retaliation for her constitutionally protected speech. To that end, Ms. Sanchez could likely pursue litigation following her potential termination by bringing a federal civil action for deprivation of rights under 42 U.S. Code § 1983 (the same provision under which Mr. Philips above sued).

**PLAINTIFF'S EXHIBIT A**

**Rod Ponton**
*Presidio County Attorney*

There exists much case law describing what it would take for a public employee in Ms. Sanchez's position to prevail under a §1983 claim, and she very well may meet those elements dictated by the courts: 1) her termination could be construed as an adverse employment action; 2) her candidacy was "speech involving a matter of public concern" (i.e., protected by the First Amendment, as affirmed in the Philips decision); 3) her actions did not impede upon the County's "interest in efficiency" since Presidio County has no provision barring public employees from running for office; and 4) her speech could be construed as having motivated her firing.[1]

A potential suit by Ms. Sanchez would therefore be incredibly costly to the city regardless of whether she ultimately prevailed should her claims eventually be evaluated by a jury. By potentially meeting the above-detailed elements of a §1983 claim on their face, any litigation she might pursue would certainly wind its way through the courts in a protracted and expensive manner. The County's exposure to liability through the proposal to eliminate the Office of Management & Budget could well be incredibly high.

Sincerely,

Rod Ponton
Presidio County Attorney

---

[1] Elements of §1983 claim detailed in Scott v. Godwin C.A. 2004 147 S.W.3d 609