IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| MARY CATHERINE "KATIE" SANCHEZ,<br>    Plaintiff,<br><br>v.<br><br>PRESIDIO COUNTY, TEXAS and FRANCES GARCIA in her individual capacity,<br>    Defendants | §<br>§<br>§<br>§<br>§    NO. 4:19-CV-00037<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' OBJECTIONS TO REPORT
AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

Pursuant to Federal Rule of Civil Procedure 72(b), Defendants Presidio County, Texas and Frances Garcia (collectively "Defendants"), file these objections to the Report and Recommendation of the U.S. Magistrate Judge filed on March 4, 2021 (Dkt. 26).

Defendants object to the Report and Recommendation of the U.S. Magistrate Judge for the following reasons:

**FACTUAL FINDINGS**

1. Defendants object to the Magistrate Judge's finding that Plaintiff "work[ed] for the OMB for three years without incident" prior to announcing her candidacy for Presidio County Treasurer in November 2017. As described in Defendants' Motion for Summary Judgment (the "Motion"), any tension that existed between Plaintiff and Defendant Garcia existed prior to Plaintiff announcing her campaign for the 2018 election. *See* Motion, Dkt. 15, FN 12, Ex. B, 116:6 – 120:17. Further, there is no evidence in the summary judgment record to affirm or deny that Plaintiff worked at the OMB "without incident" prior to November 2017. Accordingly, such evidence is not properly before the Court for summary judgment purposes. *See Malacara v.*

*Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)) (evidence that is not referred to in the nonmovant's response to the motion for summary judgment is not properly before the court).

2.      Defendants object to the Magistrate Judge's failure to include a finding that Commissioner Loretto Vasquez had previously raised the idea of eliminating the OMB to save money in 2017, which was before Plaintiff announced her campaign against Frances Garcia for the 2018 election cycle.  *See* Motion, Dkt. 15, FN 12, Ex. C, 7:14 – 11:15, 75:13 – 76:25.

### ADVERSE EMPLOYMENT ACTION

3.      Defendants object to the Magistrate Judge's finding that Plaintiff suffered an adverse employment action.  Based on Plaintiff's own admissions that are part of the summary judgment record, Plaintiff voluntarily submitted an application and interviewed with the sheriff's department the day after the August 22, 2018 Commissioners' Court meeting for a position that she knew about prior to the meeting.  *See* Motion, Dkt. 15, Ex. A, 136:12 – 25.  Plaintiff was continuously employed with Presidio County, one of the named Defendants, from August 22, 2018 (the date of the Commissioners' Court meeting) until the time she retired from the County and moved to San Angelo, Texas after the lawsuit was filed.  *See id*.  Further, her salary in her new position was equal to her position at the OMB.  *See* Motion, Dkt. 15, Ex. A, 151:22 – 25.  The Magistrate Judge's finding regarding whether Plaintiff suffered an adverse employment decision is based primarily on Plaintiff's own testimony regarding how she interpreted her voluntary transfer.  *See* Report, p. 5 – 6.  Contrary to such finding, whether a transfer is an adverse employment decision is objective.  *See Slaughter v. College of the Mainland*, No. G-12-018, 2016 U.S. dist. LEXIS 122777, at *20 (S.D. Tex. Sept. 12, 2016) (citing *Burlington Northern v. Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006)).  As a result, Plaintiff's opinions regarding whether one

position was better than another or how she interpreted her voluntary transfer should not be taken into account in the adverse employment analysis. Plaintiff has not produced sufficient summary judgment evidence to conclude that "when viewed objectively the transfer caused harm to the plaintiff 'sufficiently serious to constitute a constitutional injury' ". *See Marceaux v. Lafayette Parish Consol. Gov't,* No. 12-1532, 2014 U.S. Dist. LEXIS 109971, at *11 (W.D. La. Aug. 8, 2014). All Plaintiff has done is merely establish that she has been transferred from a job she likes to one she considers less desirable, which is insufficient under Fifth Circuit precedent to create a fact issue regarding an adverse employment action. *See id.*

4. Defendants object to the Magistrate Judge's finding that the authority cited in Defendants' Reply is inapposite to this dispute. The summary judgment record evidences Plaintiff's concession that she transferred departments. She was never "not employed" by Presidio County, which means she could not have been discharged, demoted, refused a promotion or hiring or reprimanded. *See Benningfield v. City of Houston*, 157 F.3d 369, 376 (1998) (noting that the Fifth Circuit has declined to expand the list of actionable adverse actions, even though some may have a chilling effect on the exercise of free speech). To the contrary, based on Plaintiff's own admissions, her salary and role within the OMB increased from 2014 to 2018 and she was not demoted in any way during that time. *See* Motion, Ex. A, 131:5 – 21. Accordingly, Plaintiff's move to a new department within Presidio County should be considered a transfer and the authority cited in Defendants' Reply is directly applicable to this dispute.

### CAUSAL CONNECTION BETWEEN POLITICAL CAMPAIGN AND ELIMINATION OF OMB

5. Defendants object to the Magistrate Judge's finding that the chronology of events supports a causal connection between Plaintiff's political campaign and elimination of the OMB. Specifically, the Magistrate Judge omitted any findings that tension existed between Plaintiff and

Frances Garcia prior to Plaintiff announcing her campaign for the 2018 election. *See* Motion, Dkt. 15, Ex. B, 116:6 – 120:17. Importantly, Frances Garcia specifically testified that the relationship "took a turn" prior to when Plaintiff announced she was running for office. *See id*. These issues caused efficiency with completing work in the County Treasurer's office. *See id*.

6. Defendants further object to the Magistrate Judge's findings regarding chronology because they ignored complaints that Frances Garcia received from other departments about the OMB. *See id*. The issues with the effectiveness of the OMB and complaints from other offices had nothing to do with Plaintiff running for County Treasurer. *See id*. The Magistrate Judge's report ignored this evidence in this summary judgment record. The Magistrate Judge also omitted Commissioner Loretto Vasquez's testimony that he first raised the idea of eliminating the OMB to save money in 2017, which was before Plaintiff announced her campaign against Frances Garcia. *See* Motion, Dkt. 15, Ex. C, 7:14 – 11:15, 75:13 – 76:25. These additional findings negate the Magistrate Judge's conclusions regarding the "chronology of causation" that may be inferred because the disclosed facts destroy the linear chronology Plaintiff has attempted to create. Pursuant to *Brady v. Houston Indep. Sch. Dist.*, the failure of any direct evidence of Defendants' retaliatory motive combined with a clear chronology of events creates a record that is insufficient to support Plaintiff's claim against Defendants. *See Brady v. Houston Indep. Sch. Dist.*, 113 F.3d 1419, 1423 – 1424 (5th Cir. 1997). Defendants object to the Report's reliance on *Brady* because it does not support the Report's findings given the summary judgment record before this Court.

7. Defendants further object to the Report's reliance on Plaintiff's mere speculation and opinion, which is not sufficient to defeat summary judgment. *See Hinojosa v. Tarrant County*, No. 4:08-CV-315-A, 2009 U.S. Dist. LEXIS 38208, at *18-19 (N.D. Tex. May 5, 2009) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)). Most of Plaintiff's response to Defendants'

Motion is supported by her version of the "facts," which in many instances is not supported by the record. As illustrated in the chart in Defendants' Reply (Dkt. 18), many of the "facts" that Plaintiff relies on are mere self-serving statements that are directly controverted by the summary judgment record. *See* Reply, Dkt. 18, pp. 2-5. By way of example, the Report makes the finding that Garcia had "both the ability to influence the County Commissioners and lobbied the County Commissioners to eliminate the OMB" is based on Plaintiff's citations to her "facts." *See* Report, p. 8. As described in Defendants' Reply, the summary judgment record establishes that according to Commissioner Loretto Vasquez, the only commissioner who was deposed, Frances Garcia was "definitely not" engaged in any lobbying. *See* Reply, Dkt. 18, p. 4; *see also* Defendants' Motion, Ex. C, 64:4 – 21; Plaintiff's Response, Ex. C, 84:23 – 86:6. Further, according to Judge Guevara, others were lobbying commissioners to eliminate the OMB because they did not like the "checks and balances" Plaintiff imposed but not because of Frances Garcia's political campaign. *See id*. Plaintiff's attempt to create a fact issue by relying on her own conclusory allegations and self-serving "facts" is "on unsteady ground" and Defendants objections to the Report should be sustained on that basis. *See DIRECTV, Inc. v . Budden*, 420 F.3d 521, 531 (5th Cir. 2005) (citing *BMG Music v. Martinez*, 74 F.3d, 87 91 (5th Cir. 1996) (affirming summary judgment where the only evidence in support of the nonmovant's theory is a conclusory, self-serving statement); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001 ("self-serving allegations" "are not the type of significant probative evidence required to defeat summary judgment").

### REFUTING NON-RETALIATORY MOTIVE

8.  Defendants further object to the Magistrate Judge's failure to give more credence to Defendants' non-retaliatory reason for the decision to eliminate the OMB. As in *Brady*, the summary judgment record presents a "believable, non-retaliatory reason" for elimination of the

OMB. *See Brady*, 113 F.3d at 1424. Defendants explain that the OMB was a duplicative department that could be eliminated as a cost-savings measure. *See* Motion, Dkt. 15, pp. 3-4. The commissioners testified at the hearing on August 22 that the purpose of the elimination was to save money and because "the constituents were questioning why [Presidio County] had three financial offices." *See id*. "Elimination of a position for economic reasons is a valid, nondiscriminatory reason" for a decision. *See Hymse v. City of Natchitoches*, No. 10-1167, 2012 U.S. Dist. LEXIS 148100, at *19 (W.D. La. Oct. 10, 2012) (citing *Adams v. Groesbeck Indep. Sch. Dist.*, 475 F.3d 688 (5th Cir. 2007)).

9.  Although Plaintiff provided no authority to contradict this precedent, the Report questioned Defendants' testimony that elimination was a cost-savings measure solely because of Plaintiff's mere speculation that it was for retaliatory reasons. This is true despite testimony in the record that Frances Garcia did not harbor any bitterness or ill will towards Plaintiff and her statement that "Everybody has a right to run for whatever office." *See* Motion, Dkt. 15, Ex. B, 36:11 – 37:23, 120:18-21. Ultimately, the Magistrate's appears to believe Plaintiff's purported reasons for the elimination of the OMB over Commissioner Loretto Vasquez's testimony under oath. In doing so, the Magistrate improperly made credibility determinations of the witnesses and weighed the evidence, which is not proper at the summary judgment stage. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). The Magistrate also assumed Plaintiff could or would prove necessary facts to create a fact issue, such as whether research had been done into the fiscal benefits of eliminating the OMB, which is also improper at the summary judgment stage. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**COUNTY'S LIABILITY**

10. Defendants object to the Magistrate Judge's finding that retaliatory animus can be attributed to the County Commissioners. Based upon the evidentiary references provided in the Report, this conclusion is based heavily on Plaintiff's conclusory allegations and self-serving facts that are insufficient to defeat summary judgment. *See DIRECTV, Inc. v . Budden*, 420 F.3d 521, 531 (5th Cir. 2005) (citing *BMG Music v. Martinez*, 74 F.3d, 87 91 (5th Cir. 1996) (affirming summary judgment where the only evidence in support of the nonmovant's theory is a conclusory, self-serving statement); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001 ("self-serving allegations" "are not the type of significant probative evidence required to defeat summary judgment"). Importantly, as referenced herein and further described in Defendants' Reply, some of Plaintiff's "facts" are directly contradicted by the summary judgment record.

11. Defendants further object to the Magistrate Judge's finding based on circumstantial evidence of timing. "Timing alone does not create an inference that the termination of a public employee was in retaliation for protected speech." *See Hinojosa*, 2009 U.S. Dist. LEXIS 38203, at *27. This is especially true here where there is an absence of summary judgment evidence demonstrating retaliatory intent.

12. Simply put, the Magistrate Judge believed Plaintiff's testimony over Commissioner Loretto Vasquez, which is improper at the summary judgment stage. The Magistrate Judge also made a decision about the most "reasonable" process to reach a particular conclusion, which is also improper. *See Gonzalez v. Dallas County*, 249 F.3d 406, 411 (5th Cir. 2001) (citing *Waters v. Churchill*, 511 U.S. 661, 676 (1994)). The fact that Plaintiff, another county official or the court may have reached a different decision than the County Commissioners regarding the elimination

of the OMB does not necessarily suggest that the County Commissioners' decision was unreasonable or retaliatory. *See id*. at 412. The Magistrate erred in finding otherwise.

### CAUSATION RE: DEFENDANT GARCIA

13. Defendants object to the Magistrate Judge's conclusion that Defendant Garcia's individual animus constituted a link in the causal chain that led to elimination of the OMB. Importantly, *Sims* predicates the link on establishing "unlawful conduct." *See Sims v. City of Madisonville*, 894 F.3d 632, 640 (5th Cir. 2018). The only evidence of any "animus" of Defendant Garcia is testimony that tension existed between Garcia and Plaintiff. Based on Commissioner Vasquez's explicit and unequivocal testimony, any tension that existed between Plaintiff and Garcia had no impact on his decision to propose elimination of the OMB. Even if it did, however, Plaintiff would still have to establish "unlawful conduct" by Garcia. Tension that has existed for years is now unlawful conduct.

14. The Magistrate Judge relied on Plaintiff's unsupported allegations that Defendant Garcia "allegedly influenc[ed] the County Commissioners to eliminate the OMB." Again, this version of Plaintiff's "facts" directly contradicts the summary judgment record. Accordingly, these allegations are insufficient to defeat summary judgment. Since this is the only "fact" to support the Magistrate Judge's finding on qualified immunity, this Court should sustain Defendants' objections on this issue.

## PRAYER

For these reasons, Defendants request that this Court sustain Defendants' objections to the Magistrate Judge's Report and grant Defendants' Motion for Summary Judgment in their favor dismissing all of Plaintiff's claims against Defendants with prejudice and for any other relief to which they are entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.
136 W. Twohig Ave., Suite B
San Angelo, Texas  76903
(325) 481-2560
(325) 481-2585 - Facsimile


By: /s/ Jon Mark Hogg
     Jon Mark Hogg
     State Bar No. 00784286
     jmhogg@jw.com
     Amanda N. Crouch
     State Bar No. 24077401
     acrouch@jw.com

ATTORNEYS FOR DEFENDANTS


### CERTIFICATE OF SERVICE

This is to certify that on the 17th day of March, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to all attorneys of record on file.


/s/ Jon Mark Hogg
Jon Mark Hogg