IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| MARY CATHERINE "KATIE" SANCHEZ, <br> Plaintiff, | § § § § | |
| v. | § | NO. 4:19-CV-00037 |
| | § | |
| PRESIDIO COUNTY, TEXAS and FRANCES GARCIA in her individual capacity, <br> Defendants | § § § § § | |

## DEFENDANTS' PRE-TRIAL SUBMISSIONS

Defendants Presidio County, Texas and Frances Garcia (collectively, "Defendants") file and serve their pre-trial submissions pursuant to Local Rule CV-16(e) and the Court's Text Order of August 10, 2020 Setting the Final Pretrial Conference for May 17, 2021 as follows:

### I. *VOIR DIRE* QUESTIONS

1. Pursuant to Local Rule CV-16(e)(1), Defendants submit **Exhibit 1** as the list of proposed questions Defendants request the Court to ask prospective jurors.

### II. STATEMENT OF DEFENDANTS' CLAIMS

2. Pursuant to Local Rule CV-16(e)(2), Defendants submit the following statement of their claims/defenses:

Presidio County's decision to eliminate the Office of Management and Budget (OMB) was an independent decision made by the Commissioners Court to remove duplication in departments and as a cost saving measure. The same functions of the OMB were either already being performed or could be performed by other constitutional and statutorily mandated departments that were budgeted and contained within the County. Plaintiff Katie Sanchez's

decision to run in the primary against Frances Garcia for County Treasurer in 2014 and 2018 did not cause or result in any alleged adverse employment action. Further, Sanchez's right to engage in protected speech as part of the campaign was not outweighed by the Defendants' interest in promoting governmental efficiency.

Frances Garcia did not lobby or advocate for the elimination of the OMB in the County Judge's office. Even if she did, her conduct was protected by the First Amendment and her obligations and duties as County Treasurer in advocating for good financial management and operational efficiencies of the County. Garcia is also protected by qualified immunity. Garcia cannot be held liable for the decision of the Commissioners Court to eliminate the OMB because she was not the final decision maker or policy making official regarding the creation or elimination of departments in Presidio County. Regardless, Presidio County would have made the same decision even if Sanchez had not run for County Treasurer in 2014 or 2018 because OMB was a duplicate and unnecessary department and eliminating OMB would save money.

### III. LIST OF PROPOSED STIPULATED FACTS

3. Pursuant to Local Rule CV-16(e)(3), Defendants propose to stipulate to the following facts:

   a. Plaintiff ran against Frances Garcia for County Treasurer in the Democratic primary elections in 2014 and 2018.

   b. The OMB was created in the office of the Presidio County Judge in 2014.

   c. The Presidio County Commissioners Court voted to eliminate the OMB at a duly called and noticed meeting of the Commissioners Court on August 22, 2018.

   d. The elimination of the OMB became effective October 1, 2018.

    e.      After the August 22, 2018 vote, Plaintiff applied for and took another position with the Presidio County Sheriff's Department.

    f.      Plaintiff started working for the Presidio County Sheriff's Department on August 27, 2018.

    g.      Plaintiff made more money at her new position, and maintained the same County benefits at Presidio County Sheriff's Department as she received in her position as Director of the OMB.

## IV.  LIST OF EXHIBITS

4.     Pursuant to Local Rule CV-16(e)(4), Defendants submit **Exhibit 2** identifying each exhibit separately and identifying those exhibits which Defendants expect to offer into evidence (except those to be used for impeachment only) and those which Defendants may offer if the need arises.

## V.  LIST OF WITNESSES

5.     Pursuant to Local Rule CV-16(e)(5), Defendants submit **Exhibit 3** identifying the name of each witness (except those to be used for impeachment only) identifying those whom the party expects to present and those whom the party may call if the need arises.

## VI.  DEPOSITION DESIGNATIONS

6.     Pursuant to Local Rule CV-16(e)(6), Defendants submit **Exhibit 4** which identifies those witnesses whose testimony is expected to be presented by means of a deposition.

## VII.  PROPOSED JURY INSTRUCTIONS

7.     Pursuant to Local Rule CV-16(e)(7), Defendants submit **Exhibit 5** which includes proposed jury instructions and verdict forms.

## VIII. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

8. Pursuant to Local Rule CV-16(e)(8), Defendants do not submit proposed findings of fact and conclusions of law because this matter will be tried to a jury. Plaintiff has demanded a jury trial.

## IX. MOTION IN LIMINE

9. Pursuant to Local Rule CV-16(e)(9), Defendants submit **Exhibit 6** as their motion *in limine*.

## X. ESTIMATE PROBABLE LENGTH OF TRIAL

10. Pursuant to Local Rule CV-16(e)(10), Defendants estimate that the probable length of trial of the above styled matter is **3 days inclusive of *voir dire* and jury selection**.

SIGNED and DATED this 3rd day of May, 2021.

    Respectfully submitted,

    JACKSON WALKER L.L.P.
    136 W. Twohig Ave., Suite B
    San Angelo, Texas  76903
    (325) 481-2560
    (325) 481-2585 - Facsimile

    By: /s/ Jon Mark Hogg
       Jon Mark Hogg
       State Bar No. 00784286
       jmhogg@jw.com
       Amanda N. Crouch
       State Bar No. 24077401
       acrouch@jw.com

    ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

  This is to certify that on the 3rd day of May, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to all attorneys of record on file.

              /s/ Jon Mark Hogg
              Jon Mark Hogg