IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **MARY CATHERINE "KATIE" SANCHEZ**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 4:19-CV-00037-DC-DF |
| **PRESIDIO COUNTY, TEXAS** and **FRANCES GARCIA** in her individual capacity, | § § § § | |
| Defendants. | § | |

### PLAINTIFF'S PRETRIAL CV-16(e) SUBMISSIONS

**TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT COURT JUDGE:**

COMES NOW, Plaintiff, Mary Catherine "Katie" Sanchez, and pursuant to the Court's Scheduling Order and Local Rule CV-16(e) submits the following information:

1. A list of questions the party desires the Court to ask prospective jurors.

   **See Exhibit "1", attached.**

2. In cases to be tried to a jury, a statement of the party's claims or defenses to be used by the Court in conducting voir dire. The statement shall be no longer that ½ page with typed double space.

Katie Sanchez was the director of the Office of Management and Budget (OMB) for Presidio County. She exercised her First Amendment right to run for the elective office of county treasurer, against Frances Garcia, the incumbent treasurer. Garcia pledged during the campaign that as soon as the election was over, she would get rid of Sanchez. True to her word, the month after she won the primary, Garcia placed an item on the county commissioners court agenda to discipline or dismiss Sanchez. The county attorney prevented that particular action from going

forward, but Garcia continued to complain about Sanchez and advocate for her termination. There had never previously been any question about the effectiveness of the OMB, but a lame-duck county commissioner related to Garcia by marriage added an item to the commissioners court agenda to eliminate the OMB, knowing this would result in the termination of Sanchez. Before the vote on that item, Garcia and that same commissioner assured the only other employee in the OMB—but not Sanchez—that she would still have a job with the county. The county judge perceived that the elimination of the OMB was intended to retaliate against Sanchez for running against Garcia. The county attorney warned the commissioners that passing the measure could be illegal retaliation against Sanchez for protected First Amendment activity. Nonetheless, the county rushed a vote to eliminate the department and Sanchez's position. Sanchez brings this suit for retaliation based on her exercise of her First Amendment right.

3. A list of proposed stipulated facts.

   a. Katy Sanchez was hired as Assistant Director of the Office of Management and Budget (OMB) in 2014 and became the OMB Director in 2015.

   b. Katy Sanchez was never disciplined during her employment as Director of the OMB.

   c. Katy Sanchez was never given anything in writing critical for her performance during her employment as Director of the OMB.

   d. In November 2017, Sanchez announced that she was running for the position of county treasurer, against Defendant Frances Garcia.

   e. Katy Sanchez lost the March 2018 primary election for county treasurer by about 120 votes to Frances Garcia.

   f. The month after the primary election, Garcia requested the inclusion of an item on the

    agenda for the commissioners court meeting of April 11, 2018. The item requested the commissioners court to retire to executive session in order to discuss a personnel matter regarding the employment, evaluation, discipline or dismissal of an employee. At that commissioners court meeting, Garcia disclosed that the item referred to Sanchez.

**g.** On or about August 16, 2018, an item was published on the commissioners court agenda for its August 22 meeting, to consider elimination of the OMB. This item was placed on the agenda by Commissioner Loretto Vasquez. Vasquez is related by marriage to Garcia.

**h.** On August 21, 2018, the Presidio County Attorney wrote an opinion letter to the commissioners, on county attorney letterhead. He read this letter at the August 22 commissioners court meeting. In his letter, the county attorney recognized that Katy Sanchez exercised her First Amendment right in running for treasurer against Garcia. He pointed out that Garcia was then lobbying the county commissioners to abolish the OMB.). He recognized that abolishing the OMB would effectively terminate Sanchez's employment. . He analyzed Sanchez's First Amendment rights and the county's potential liability. He stated his opinion that the facts could establish the elements of a §1983 claim on their face. He informed the commissioners court that they were facing legal liability if they eliminated the department and terminated Sanchez.

**i.** At the August 22, 2018 commissioner court meeting, a majority of the commissioners voted in favor of eliminating the OMB.

    j.  The Presidio county judge voted against the elimination of the OMB.

    k.  As a result of the vote, Katy Sanchez's department and her position were eliminated.

    l.  Presidio County has stated that the proffered reason for eliminating the OMB Department was to save money.

4. An appropriate identification of each exhibit as specified in this rule (except those to be used by impeachment only), separately identifying those, which the party expects to offer, and those, which the party may offer if the need arises.

    **See Plaintiff's List of Potential Exhibits, attached as Exhibit 2.**

5. The name and, if not previously provided, the address and telephone number of each witness (except those to be used for impeachment only), separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    **See Plaintiff's First List of Trial Witnesses List, attached as Exhibit 3.**

6. The name of those witnesses whose testimony is expected to be presented by means of a deposition (except those to be used for impeachment only) and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.

    **Plaintiff is expecting that Defendant will produce all witnesses that they have identified as being under their control, and as such plans to call all witnesses live.**

7. Proposed jury instructions and verdict forms.

    **See Plaintiff's Exhibit 4, attached.**

8. Any Motions in Limine.

    **See Plaintiff's Exhibit 5, attached.**

9. An estimate of the probable length of trial.

**Three to four days.**

                                        Respectfully submitted,

                                        */s/ John A. Wenke*
                                        **JOHN A. WENKE**
                                        Attorney for Plaintiff
                                        State Bar No. 00788643
                                        501 E. California Ave.
                                        El Paso, Texas 79902
                                        Telephone:  (915) 351-8877
                                        Facsimile:  (915) 351-9955
                                        lawoffice@johnwenke.com
                                        ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I certify that I electronically filed the foregoing with the clerk using the CM/ECF system, which will send notification of such filing to Jon Mark Hogg, Jackson Walker, 136 W. Twohig Ave., Suite B. San Angelo, Texas 76903, Attorney for Defendants.

                                        */s/ John A. Wenke*
                                        **JOHN A. WENKE**