IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **MARY CATHERINE "KATIE" SANCHEZ**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 4:19-CV-00037-DC-DF |
| **PRESIDIO COUNTY, TEXAS** and **FRANCES GARCIA** in her individual capacity, | § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now MARY CATHERINE "KATIE" SANCHEZ, Plaintiff, and files this Response to Defendants' Motion for Leave to Amend Answer, and would show the following:

**I.   Introduction**

1.   This case is set for a jury trial on June 22, 2021. On the eve of trial, more than a year after the deadline to amend pleadings, long after the conclusion of discovery, long after the motions deadline, and after the deadline for filing the parties' proposed jury charges, Defendants seek to amend their answer to add new affirmative defenses. Plaintiff did not conduct discovery on these defenses or file dispositive motions on these defenses, because they were not within the scope of the case. Defendants provide no reason why they did not or could not have asserted these defenses earlier. Defendants' motion should be denied.

**II.   Background**

2.   This case has been on file since July 17, 2019. (Doc. no. 1). Defendants answered on August 19, 2019. (Doc. no. 6). In its Scheduling Order, the Court set the deadline

for any amended or supplemental pleadings as April 3, 2020.  (Doc. no. 9).

       3.       On August 7, 2020, the parties jointly moved to extend certain scheduling order deadlines.  (Doc. no. 14).  The motion did not request extension of the deadline for any amended or supplemental pleadings.  (*Id*.).  The Court granted this motion by text order.  (August 10, 2020 docket entry).  After this extension, the deadline for discovery was October 6, 2020, and the deadline for dispositive motions was November 6, 2020.  (*Id*.).

       4.       The final pretrial conference was held on May 17, 2021.  In advance of the final pretrial conference, the parties filed their proposed jury charges.  In their proposed jury instructions and verdict form, Defendants included affirmative defenses not raised by their answer.  Plaintiff objected to Defendants' proposed jury charge on several grounds, including their request to include unpleaded affirmative defenses in the charge.  (Doc. no. 35).

       5.       On May 17, 2021, long after the pleading amendment deadline, the discovery deadline, the dispositive motion deadline, and the submission of the parties' proposed jury charges, Defendants move to amend their answer to include their previously-unpleaded affirmative defenses.  (Doc. no. 37).  In the motion, Defendants do not explain the delay.  (*Id*.).  They provide no reason why they could not have asserted them earlier, if in fact there is any basis for them.  (*Id*.).  They claim that the defenses are "related to information obtained during discovery" (*id*. ¶ 3), but do not specifically identify any discovery responses giving rise to these defenses, or explain why they waited more than six months after the discovery deadline to seek to add the defenses.

       6.       The Court should not allow Defendants to change the nature of the case at this date, when it is too late for Plaintiff to conduct discovery, file motions, and prepare for trial on these new defenses.

### III. Pleading amendment standard

7. Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings. *Mt. Hawley Ins. Co. v. JBS Parkway Apartments, LLC*, No. MO-18-CV-00092-DC, 2020 WL 8970681, at *4 (W.D. Tex. Dec. 30, 2020), *citing Tex. Indigenous Council v. Simpkins*, 544 Fed.Appx. 418, 420 (5th Cir. 2013). Rule 15 governs a party's request to amend its pleadings before a deadline to amend passes. *Id.* (citations omitted). Rule 16 governs a party's request to amend its pleading after the deadline to amend passes. *Id.* (citations omitted).

8. In this case, the deadline to amend passed more than a year before Defendants filed their motion for leave to amend their answer. Accordingly, both Rule 16 and Rule 15 govern Defendants' request. *Mt. Hawley Ins. Co.*, 2020 WL 8970681, at *4.

9. Under Rule 16(b)(4), a scheduling order may be modified "only for good cause and with the judge's consent." FED.R.CIV.P. 16(b)(4). Good cause requires the moving party to show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Mt. Hawley Ins. Co.*, 2020 WL 8970681, at *4, *quoting Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam). District courts typically consider: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Mt. Hawley Ins. Co.*, 2020 WL 8970681, at *4, *citing Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (additional citations omitted). If a party shows good cause for missing the deadline, then the more liberal standard of Rule 15(a) will apply. *Mt. Hawley Ins. Co.*, 2020 WL 8970681, at *4, *citing Filgueira*, 734 F.3d at 422.

10. Viewed by this standard, Defendants' motion to amend should be denied.

### IV.     Defendants' motion for leave to amend should be denied.

11.     The Court should deny Defendants' motion for leave to amend their answer. Trial is imminent. Defendants provide no good cause, and no reason at all, why they could not have pleaded their newly-asserted affirmative defenses months or years ago. They have not shown that they could not have asserted these defenses sooner with the exercise of diligence. One can only imagine Defendants' response if Plaintiff sought leave to amend her complaint to add a new cause of action at this late date. It is too late now for Defendants to change the nature of this case.

12.     Defendants argue there is no prejudice to Plaintiff in permitting the amendment. To the contrary, if the defenses had been raised earlier, Plaintiff would have conducted discovery on them; and depending on the facts revealed by discovery, would have considered filing dispositive motions on these defenses. The deadlines for discovery and dispositive motions passed long ago. Plaintiff should not be placed in a position of moving this Court to re-open discovery or permit the filing of any additional motions based on the facts revealed by that discovery, or be forced to incur the expense of doing so, while preparing to try the case in a few short weeks.

13.     Defendants argue that both parties did conduct discovery on the new affirmative defenses. Defendants even argue that the new affirmative defenses were included in the parties' summary judgment briefing. But Defendant points to no specific discovery questions or responses regarding either of its newly-asserted defenses. There is an obvious overlap between discovery and motion practice related to Plaintiff's initial burden of showing that her protected conduct was a motivating factor in Defendants' decision, and Defendants' newly-asserted

4

affirmative defense that they would have taken the same action absent her protected conduct. However, there has been no discovery on Defendants' newly-asserted affirmative defense of failure to mitigate damages. Specifically, there has been no discovery on the questions of what substantially equivalent position Defendants claim was available to Plaintiff, or how Defendants claim she failed to exercise reasonable diligence to obtain such alternative employment. *See generally Jackson v. Host Intern., Inc.*, 426 Fed.Appx. 215, 222 (5th Cir. 2011) (elements of failure to mitigate defense). This defense was also not litigated in the summary-judgment pleadings. Defendants made no reference to a claim of failure to mitigate damages in their motion for summary judgment. (Doc. no. 15). Plaintiff's response also did not brief the defense. (Doc. no. 16). The reference to mitigation therein was only in the context of responding to Defendants' mischaracterization of this suit as a constructive discharge case, and explaining that she sought alternative employment so that she could provide for herself and her family after Defendants eliminated her position. (Doc. no. 16 p. 6).

14.     If indeed the defenses were raised by discovery in the case, Defendants should have disclosed their intention to rely on them when the defenses were raised, not waited until the eve of trial. This would have allowed Plaintiff to conduct additional discovery, or file appropriate motions. Defendants should not be permitted to "ambush" Plaintiff with new affirmative defenses now. Their motion for leave to amend their answer should be denied.

For these reasons, Defendants' motion for leave to amend their answer should be denied.

                        Respectfully submitted,

                        */s/ John A. Wenke*
                        **JOHN A. WENKE**
                        Attorney for Plaintiff
                        State Bar No. 00788643
                        501 E. California Ave.
                        El Paso, Texas 79902
                        Telephone:  (915) 351-8877
                        Facsimile:  (915) 351-9955
                        lawoffice@johnwenke.com
                        ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

     I certify that I electronically filed the foregoing with the clerk using the CM/ECF system, which will send notification of such filing to Jon Mark Hogg, Jackson Walker, 136 W. Twohig Ave., Suite B. San Angelo, Texas 76903, Attorney for Defendant.

                        */s/ John A. Wenke*
                        **JOHN A. WENKE**