IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| MARY CATHERINE "KATIE" SANCHEZ, | § § § | |
|     Plaintiff, | § § | |
| v. | § | NO. 4:19-CV-00037 |
| | § | |
| PRESIDIO COUNTY, TEXAS and FRANCES GARCIA in her individual capacity, | § § § § | |
|     Defendants | § | |

**REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Presidio County, Texas and Frances Garcia (collectively "Defendants"), file this Reply to Plaintiff's Response to Defendants' Motion for Leave to Amend Answer and would respectfully show the Court as follows:[1]

**I.
SUMMARY OF ARGUMENT**

Plaintiff objected to Defendants' proposed jury instructions that are expressly part of the Fifth Circuit's Pattern Jury Instructions for First Amendment retaliation. Specifically, Plaintiff contends whether Defendant Presidio County would have eliminated the OMB in the absence of Plaintiff's protected conduct should not be included in the charge. Defendants understand the *Mt. Healthy* defense as part of a First Amendment Retaliation claim and not a separate affirmative

---

[1] Defendants withdraw the portion of their Motion for Leave to Amend requesting an additional affirmative defense on mitigation of damages. Defendants are only requesting leave to make clear Defendants are entitled to consideration of the defense that Presidio County would have eliminated the OMB even without Plaintiff engaging in protected conduct (the *Mt. Healthy* defense) as part of the burden-shifting elements of a First Amendment retaliation claim. To the extent this defense can be construed as an affirmative defense that must be pleaded, Defendants request leave to amend their answer to so state.

defense under Fifth Circuit precedent. Accordingly, Defendants did not plead it as an affirmative defense.

Defendants' *Mt. Healthy* defense was briefed in the parties' summary judgment pleadings and discovered throughout written discovery and depositions without any objection. Plaintiff's Objections to Defendants' Proposed Jury Charge, filed the Friday before the pretrial conference on May 14, 2021, was the first time Plaintiff objected to inclusion of the *Mt. Healthy* defense. Defendants do not believe that an affirmative pleading of this defense is necessary for the *Mt. Healthy* defense to be submitted to the jury. Defendants seek leave to assert the *Mt. Healthy* defense in the event it may be construed as a defense that must be affirmatively pleaded.

Plaintiff has waived the right to argue that she is surprised by Defendants' assertion of the *Mt. Healthy* defense or would be prejudiced in any manner by inclusion of this instruction in the jury charge. For these reasons, Defendants ask the Court to either grant Defendants' leave to assert the *Mt. Healthy* defense an affirmative defense or permit inclusion of Section 10.6 of the Pattern Jury Charge in its entirety in the Court's charge.

## II.
## ARGUMENT AND AUTHORITIES

A.     THE *MT. HEALTHY* DEFENSE IS NOT A TRUE AFFIRMATIVE DEFENSE UNDER SUPREME COURT AND FIFTH CIRCUIT PRECEDENT.

In *Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274 (1976), the United States Supreme Court balanced the protection of rights guaranteed under the First Amendment while simultaneously attempting to avoid windfalls to public employees who engaged in constitutionally protected conduct. *See Mt. Healthy*, 429 U.S. at 274; *see also Bowen v. Watkins*, 669 F.2d 979, 983 (5th Cir. 1982). As stated by the Fifth Circuit, "an employee who would have been fired regardless of whether he exercised constitutional rights should not be reinstated solely because of his exercise of his rights." *Id*. (citing *Mt. Healthy*, 429 U.S. at 284-86). The Supreme

Court did so by adopting a shifting burden of proof. *Id*. Initially, the employee has the burden of showing both that her activity was constitutionally protected and that it was a "substantial" or "motivating" factor in the decision of the employer. *Id*. Then the burden shifts to the employer who may avoid liability by showing by a preponderance of the evidence that the same decision would have been made absent the constitutionally protected conduct. *Id*.

Courts have interpreted the *Mt. Healthy* defense as a defendant's opportunity to "respond" to the plaintiff's prima facie case with proof that it would have reached the same decision even without the protected conduct. *Crawford-El v. Britton*, 523 U.S. 574, 593 (1998); *see also Oscar Renda Contracting, Inc. v. City of Lubbock*, 577 F.3d 264, 271 (5th Cir. 2009) (Defendant "can respond" to prima facie case with proof of non-retaliatory reason). Indeed, the United States Supreme Court has specifically described the causation as closer to but-for:

> It is clear, moreover, that the causation is understood to be but-for causation, without which the adverse action would not have been taken; we say that upon a prima facie showing of retaliatory harm, the burden shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action complained of (such as firing the employee).

*See Hartman v. Moore*, 547 U.S. 250, 260 (2006) (citing *Mt. Healthy*, 429 U.S. at 287).

Despite this authority, Plaintiff alleges that Defendants' non-retaliatory reason should be treated as an affirmative defense. While Plaintiff correctly asserts that some courts have stated in dicta that the *Mt. Healthy* defense could be "construed" as an affirmative defense, it is not explicitly treated as an affirmative defense in the same manner as qualified immunity or statute of limitations. Rather, it is a burden-shifting framework that need not be specifically pleaded. *See Montes v. Webb County*, No. L-05-76, 2011 U.S. Dist. LEXIS 174567, at *13 n.5 (S.D. Tex. Mar. 29, 2011) (recognizing the Supreme Court articulated the burden shifting framework applicable to First Amendment retaliation cases as a mixed motives framework); *see also Charles v. Grief*, 522 F.3d 508, 516 n.28 (5th Cir. 2008). To succeed, the employer must show

by a preponderance of the evidence that it would have taken the same adverse employment action even in the absence of the protected speech.  *Id*.  If the employer is able to make this showing, the protected conduct does not amount to a constitutional violation justifying remedial action.  *Id*.  Based on this procedure as described by courts, the burden-shifting is best interpreted as part of an affirmative claim and less analogous to a true affirmative defense.

**B.   THE *MT. HEALTHY* DEFENSE IS EXPLICITLY PART OF THE FIFTH CIRCUIT'S PATTERN JURY INSTRUCTION FOR FIRST AMENDMENT RETALIATION.**

Defendants' understanding of precedent surrounding *Mt. Healthy* is borne out by the Pattern Jury Charge.  Importantly, and as further evidence to support Defendants' contentions, the *Mt. Healthy* defense is included in the Fifth Circuit Pattern Jury Charge as part of the affirmative instructions for a First Amendment retaliation and not as an "affirmative defense" in response to such claim.  *See* Fifth Circuit Pattern Jury Charge, Section 10.6.  Specifically, Plaintiff takes issue with the following instruction in Defendants' proposed jury charge filed with the Court on May 3, 2021 that come directly from Section 10.6:

> If you find that Plaintiff Katherine Sanchez has proved each element of her claim by a preponderance of the evidence, then you must consider whether Presidio County would have reached the same decision in the absence of the protected speech.  If you find Presidio County has proved by a preponderance of the evidence that it would have eliminated the OMB whether or not Plaintiff Katherine Sanchez engaged in protected speech, then you must return a verdict for Presidio County and against Plaintiff Katherine Sanchez.

Even though this language is directly from the jury instruction for Plaintiff's affirmative First Amendment retaliation claim, Plaintiff objects to its inclusion in Defendants' proposed jury charge and claims the language was an "affirmative defense" that Defendants failed to plead.

**C.   EVEN IF IT IS AN AFFIRMATIVE DEFENSE, GRANTING DEFENDANTS' LEAVE TO AMEND WILL NOT PREJUDICE PLAINTIFF.**

For purposes of the instant case, whether the *Mt. Healthy* defense is a true affirmative defense or "but-for" causation is "merely academic."  *Montes*, 2011 U.S. Dist. LEXIS 174567, at

\*13.  Similar to the Court's conclusion in *Montes*, whether the defense is construed as an affirmative defense or part of a burden shifting analysis is really a distinction without a difference.  *Id.* at \*11.  Plaintiff has waived any argument that Defendants should be precluded from asserting the *Mt. Healthy* defense by failing to object to it at the summary judgment stage and throughout discovery.  *See id.* (noting waiver based on Plaintiff's response to the *Mt. Healthy* argument as part of the summary judgment briefing).  Similar to *Montes*, this Court should grant Defendants' leave to amend their answer to plead the *Mt. Healthy* defense and include such language in the jury charge because Plaintiff has waived any opposition to such addition.

Notably, Plaintiff's Response does not deny the fact that discovery occurred on Defendants' *Mt. Healthy* defense or that the issue was litigated as part of the summary judgment briefing.  In fact, it would be disingenuous for Plaintiff to do so based on the Court's record.  *See* Dkt. 17, p. 8-12 (Plaintiff's summary judgment briefing opposing Defendants' *Mt. Healthy* defense and citing to deposition testimony from Loretto Vasquez, Cinderela Guevara and Frances Garcia regarding same).

As described in Plaintiff's Response to Defendants' Motion for Summary Judgment, Dkt. 17, Plaintiff affirmatively sought discovery through depositions of Frances Garcia, County Treasurer, the Honorable Cinderela Guevara, County Judge, and Loretto Vasquez, County Commissioner regarding Defendants' *Mt. Healthy* defense.  *See* Dkt. 17.  Plaintiff's Response refutes Defendants' *Mt. Healthy* defense in briefing and the deposition testimony and affidavits attached as evidence to the response.  *See id*.  Additionally, Magistrate Judge Fannin explicitly considered Defendants' *Mt. Healthy* defense and the evidence Plaintiff submitted to refute it as part of his Report and Recommendations Denying Defendants' Motion for Summary Judgment.  *See* Dkt. 26, pp. 10 – 11 (section titled "Refuting Non-Retaliatory Motive").

There can be no question that the *Mt. Healthy* defense was part of discovery, was litigated and briefed by both parties at the summary judgment stage without any objection from Plaintiff that the defense was not pleaded as an affirmative defense. Accordingly, Plaintiff has waived this argument and there is no harm in allowing Defendants to amend their answer to assert the *Mt. Healthy* defense if the Court believes such allegations are required for the defense to be considered in the charge. Given Plaintiff's failure to object to the inclusion of such defense prior to this point, the amendment has become "merely technical." *Montes*, 2011 U.S. Dist. LEXIS 174567, at *14.

## III.
## CONCLUSION AND PRAYER

As asserted herein, Plaintiff has failed to establish this Court should not grant leave to permit the jury. Defendants respectfully request that the Court grant leave to file Defendants' First Amended Answer to include the *Mt. Healthy* defense as an affirmative defense or, in the alternative, for the Court to overrule Plaintiff's objection to inclusion of the *Mt. Healthy* defense in Defendants' proposed jury charge.

Respectfully submitted,

JACKSON WALKER L.L.P.
136 W. Twohig Ave., Suite B
San Angelo, Texas  76903
(325) 481-2560
(325) 481-2585 - Facsimile

By: /s/ *Jon Mark Hogg*
    Jon Mark Hogg
    State Bar No. 00784286
    jmhogg@jw.com
    Amanda N. Crouch
    State Bar No. 24077401
    acrouch@jw.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on the 27th day of May, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to all attorneys of record on file.

/s/ *Amanda N. Crouch*
Amanda N. Crouch