**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **MARY CATHERINE "KATIE"** | § | |
| **SANCHEZ,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **P:19-CV-037-DC** |
| | § | |
| **PRESIDIO COUNTY, TEXAS, and** | § | |
| **FRANCES GARCIA,** | § | |
| **in her individual capacity,** | § | |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is United States Magistrate Judge David B. Fannin's Report and Recommendation (R&R) filed in the above-captioned cause on March 4, 2021, in connection with the Motion for Summary Judgment filed by Defendants Presidio County, Texas and Frances Garcia (collectively, Defendants). (Docs. 15, 26). Also before the Court is the Objection to the R&R filed by Defendants, and the Response to the Objection filed by Plaintiff Mary Catherine "Katie" Sanchez (Plaintiff). (Docs. 27, 28). After due consideration, the Court **OVERRULES** Defendants' Objection (Doc. 27), **ADOPTS** the R&R to the extent it is consistent with this Order (Doc. 26), and **DENIES** the Motion for Summary Judgment (Doc. 15).

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves the elimination of the Office of Management and Budget (OMB) of Presidio County, Texas. The OMB had two employees: Plaintiff, who was the director, and Jeanne Hall. Plaintiff ran against incumbent Presidio County Treasurer Defendant Frances Garcia (Defendant Garcia) in the 2018 Democratic primary election. Plaintiff previously ran against Defendant Garcia in 2014. There is evidence in the record that Defendant Garcia was

frustrated that Plaintiff was running against her and asserted she would find a way to eliminate Plaintiff's position. Defendant Garcia won the March 2018 primary election.

In April 2018, Defendant Garcia requested that the County Commissioners discuss Plaintiff's employment. County Judge Cinderela Guevara testified that Defendant Garcia was trying to raise a complaint against Plaintiff, but the Commissioners' Court declined to take up the issue on the County Attorney's advice. Defendant Garcia admitted she was trying to complain about Plaintiff.

In August 2018, Commissioner Loretto Vasquez introduced a proposal to eliminate the OMB. Before introducing the proposal, he sought Defendant Garcia's approval and that of the county auditor. After introducing the proposal, he and Defendant Garcia reached out to the only other OMB employee, Jeanne Hall, mentioned above, to reassure her that she would have a job after OMB was eliminated. Neither offered any such assurance to Plaintiff. Both Judge Guevara, and the County Attorney, Rod Ponton, perceived the elimination of OMB as potential retaliation against Plaintiff for running against Defendant Garcia. Additionally, there is some evidence in the record that Defendant Garcia was lobbying the County Commissioners to eliminate the OMB. Judge Guevara voted against the proposal, but the County Commissioners voted in favor of it and the proposal passed.

Commissioner Vasquez testified he sought the elimination of OMB as a cost-savings measure and asserted he had previously suggested the elimination in 2017. Judge Guevara also testified that the County Commissioners were frustrated by the checks and balances provided by Plaintiff and the OMB.

Plaintiff filed suit on July 17, 2019, alleging that Presidio County and Defendant Garcia were liable for retaliating against her for exercising her First Amendment right to speech by

running for public office. (*See generally* Doc. 1). Defendants filed a timely Motion for Summary Judgment; Plaintiff filed a timely Response; and Defendants filed a timely Reply. (Docs. 15, 16, 18). Defendants also filed two motions to strike summary judgment evidence. (Docs. 17, 22). The Magistrate Judge issued an order denying the motions to strike. (Doc. 25).

On March 4, 2021, the Magistrate Judge issued his R&R. (Doc. 26). He concludes that there are genuine issues of material fact that preclude summary judgment and recommends that the Court deny Defendants' Motion for Summary Judgment. *See generally id.*

Defendants filed a timely Objection to the R&R. (Doc. 27). Plaintiff filed a timely Response to the Objection. (Doc. 28). Accordingly, this matter is ready for disposition.

## II. LEGAL STANDARD

### A. Report and Recommendation

A party may contest the proposed findings and conclusions in a report and recommendation by filing written objections within fourteen days of being served with a copy of the report and recommendation. *See* 28 U.S.C. § 636(b)(1). A party's objections to portions of a report and recommendation entitle him to a *de novo* review by the Court. *See* 28 U.S.C. § 636(b)(1). However, objections must specifically identify those findings or recommendations to which objections are being made. The Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

### B. Summary Judgment

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *See Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id.*

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party cannot rest on the mere allegations of the pleadings to sustain this burden. Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

### III. DISCUSSION

Defendants raise a number of objections to the Magistrate Judge's R&R. (*See generally* Doc. 27). The Court will address the objections in turn, but Defendants' primary complaint is that the Magistrate Judge ignored Defendants' proffered summary judgment evidence or gave greater weight to Plaintiff's summary judgment evidence. *See generally id.*

## A. Objections as to Factual Findings

Defendants complain that the Magistrate Judge found that Plaintiff spent three years "working for the OMB . . . without incident." (*See* Doc. 26 at 2). To rebut this statement in the R&R, Defendants point to Defendant Garcia's testimony that she and Plaintiff had a cordial working relationship for a period of time, but the relationship devolved prior to Plaintiff announcing her candidacy for the 2018 primary. (Doc. 15-2 at 14). There were at least two instances in which Defendant Garcia believed Plaintiff "took over" a project or task Defendant Garcia had worked on, Defendant Garcia asserted she received complaints from other departments about the OMB, and Defendant Garcia stated that Plaintiff made things "difficult." *See id.* at 15–18. RegardlesPlaintiff testified she and Defendant Garcia had been able to work together prior to the 2018 election, but there was significant tension after Plaintiff entered the race for county treasurer. (Doc. 16-2 at 39).

Defendants also contend there is no evidence in the record "to affirm or deny that Plaintiff worked at OMB 'without incident' prior to November 2017." (Doc. 27 at 1). The precise meaning of the phrase "without incident" used by the Magistrate Judge could be debated, but the general usage of the phrase and the specific context of the R&R suggest that it refers to serious employment infractions, not petty disputes with coworkers or inter-departmental brangling. There is evidence in the record that Plaintiff's performance as the OMB director was "excellent." (Doc. 16-12 at 3). She did not receive any reprimands or disciplinary action and was praised in the Commissioners Court. (Doc. 16-2 at 17, 97). To the extent Defendants complain that Plaintiff did not cite to this evidence in her response, their objection is meritless. Federal Rule of Civil Procedure 56(c)(3) clearly states "[t]he court need consider only the cited

materials, but it *may* consider other materials in the record." (emphasis added). The objection is overruled.

Defendants also complain that the Magistrate Judge failed "to include a finding that Commissioner Loretto Vasquez had previously raised the idea of eliminating the OMB to save money in 2017" (Doc. 27 at 2). At his deposition, Commissioner Vasquez asserted that he discussed the idea of eliminating the OMB with "different commissioners" "more or less" in 2017, but he could not recall with whom he spoke or whether it was more than one of his fellow commissioners, and he did not pursue the idea further until August 2018, after discussing it with Defendant Garcia and Patty Roach. (Doc. 15-3 at 6–11). Although not mentioned in the R&R's initial discussion of the background facts, the R&R does reference Commissioner Vasquez's statements but concludes that the parties' competing versions of the facts present issues for the jury to resolve. (*See* Doc. 27 at 9, 13).

After reviewing the summary judgment record—including Commissioner Vasquez's statements—the Court agrees that there are genuine issues of material fact that preclude summary judgment. The objection is overruled.

## B. Objections as to Adverse Employment Action

Defendants object to the Magistrate Judge's conclusion that Plaintiff experienced an adverse employment action and the case law relied upon by Defendants was inapposite. At issue is the parties' opposing characterizations of the events in question: Plaintiff asserts the adverse employment action was the elimination of the OMB, and Defendants contend the allegedly adverse employment action was Plaintiff's transfer to a position with the Presidio County Sheriff's Office. The evidence that Defendants point to is Plaintiff's testimony that on August 23, 2018, the day after the County Commissioners voted to eliminate the OMB, she contacted the

Sheriff's Office to obtain information about applying for an open position as a records clerk; Plaintiff interviewed, accepted the position, and began work with the Sheriff's Office on August 27, 2018, approximately a month prior to September 30, 2018, the date the abolishment of the OMB became effective. (*See* Doc. 15-1 at 23–26).

According to the evidence Defendants cited, the County Commissioners' decision to eliminate the OMB was made prior to Plaintiff's decision to apply for a job in the Sheriff's Office. *See id.* They were different events. As Plaintiff is the party with the burden of proof, the event she alleges is the adverse action is the one that should be considered when determining whether summary judgment is warranted. Accordingly, the issue is whether there is a genuine issue of material fact as to whether the elimination of the OMB by the Commissioners' Court was an adverse employment action. The Court concludes there is.[1]

The R&R concludes that the *Burlington Northern* "materially adverse" standard is applicable. (Doc. 26 at 4–5) (citing *Burlington N. & Santa Fe Ry. Co v. White*, 548 U.S. 53, 68 (2006)). Defendants do not specifically object to this conclusion. As the Magistrate Judge noted in his R&R, the Fifth Circuit has not explicitly incorporated the *Burlington Northern* test into its First Amendment retaliation jurisprudence. *Id.* at 4–5 (citing *Johnson v. Halstead*, 916 F.3d 410, 422 n.5 (5th Cir. 2019)). However, persuasive authority within the Fifth Circuit indicates that the Fifth Circuit may have impliedly adopted the *Burlington Northern* standard for § 1983 cases. *Id.* at 5 (citing *Garrett v. Judson Indep. Sch. Dist.*, 299 F. App'x 337, 346 (5th Cir. 2008); *Simonelli v. Fitzgerald*, Nos. SA-07-CA-360, SA-08-CA648, 2009 WL 3806489, at *5 (W.D. Tex. Oct. 22, 2009)). Under *Burlington Northern*, the test for an adverse employment action is whether "a

---

1. The R&R both references the existence of a fact question and affirmatively states that Plaintiff experienced an adverse employment action. To the extent the R&R affirmatively found the elimination of the OMB constituted an adverse employment action, the Court rejects such a conclusion.

reasonable employee would have found the challenged action materially adverse." 548 U.S. at 68.

The Court concludes there is sufficient evidence in the summary judgment record to raise a question of fact as to whether a reasonable employee would have found the elimination of the OMB to be materially adverse. The objections are overruled.

**C. Objections as to Causal Connection**

In their next objection, Defendants complain that the Magistrate Judge found the chronology of events supports a causal connection between Plaintiff's First Amendment activity and the elimination of the OMB. Specifically, Defendants contend that the Magistrate Judge ignored testimony from Defendant Garcia that the relationship between her and Plaintiff had deteriorated prior to the primary campaign and election and there were inefficiencies in the County Treasurer's office caused by Plaintiff and the OMB. (*See* Doc. 15-2 at 14–15).

The Magistrate Judge acknowledged this evidence and Defendants' reliance on it, but also pointed to contrary evidence produced and relied upon by Plaintiff and concluded there were fact issues for the jury's resolution. (*See* Doc. 26 at 8–10). At summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The Court agrees that there are genuine issues of material fact with respect to causation that must be resolved by the jury.

Defendants also object that the Magistrate Judge ignored Defendant Garcia's assertion that county employees in other departments complained to her about Plaintiff and ignored Commissioner Vasquez's testimony that he suggested eliminating the OMB in 2017. Additionally, Defendants argue that the Magistrate Judge erred by relying on the Fifth Circuit's decision in *Brady v. Houston Independent School District*, 113 F.3d 1419, (5th Cir. 1997),

because *Brady* "does not support the Report's findings given the summary judgment record before this Court." (Doc. 27 at 4).

As an initial matter, the Court notes that it has already overruled Defendants' objection that the Magistrate Judge "ignored" Commissioner Vasquez's testimony that he discussed eliminating the OMB in 2017. To the extent the Magistrate Judge failed to refer to Defendant Garcia's testimony regarding complaints in his recitation of Defendants' arguments and evidence, this failure was harmless. Neither Commissioner Vasquez's testimony nor Defendant Garcia's assertion that other county employees complained to her about Plaintiff "negate" the R&R's conclusion that there are fact issues for the jury's resolution as to causation. Moreover, the R&R's reliance on *Brady* and other Fifth Circuit cases that "allow[] plaintiffs to show causation by relying on a 'chronology of events from which retaliation may plausibly be inferred'" was appropriate. *See Benfield v. Magee*, 945 F.3d 333, 338 (5th Cir. 2019) (quoting *Brady*, 113 F.3d at 1424). Plaintiff points to sufficient evidence in the record to show there is a chronology of events that permits an inference of retaliation and to demonstrate the existence of a fact issue for the jury's resolution.

Defendants further object that the R&R relies on "mere speculation and opinion" and refer to a chart in their Reply (Doc. 27 at 4–5). This general assertion is insufficient to state a proper objection; objections must be specific, and "[f]rivolous, conclusive, or general objections need not be considered by the district court." *See Battle*, 834 F.2d at 421. However, Defendants do state a specific objection to the Magistrate Judge's "finding" on page 8 of the R&R that Defendant Garcia could influence the County Commissioners and lobbied for the elimination of the OMB. (Doc. 27 at 5). They contend that "the summary judgment record establishes that according to Commissioner Loretto Vasquez, the only commissioner who was deposed,

[Defendant] Garcia was 'definitely not' engaged in lobbying," and "according to Judge Guevara, others were lobbying the commissioners to eliminate the OMB because they did not like the 'checks and balances' Plaintiff imposed but not because of [Defendant] Garcia's political campaign." *Id.*

The Court rules that Defendants' characterization of this portion of the R&R as a "finding" is fundamentally incorrect. On page 8 of the R&R, the Magistrate Judge stated, "Plaintiff contends that between the Primary Election and the August 22, 2018 Commissioners Court meeting, Defendant Garcia had both the ability to influence the County Commissioners and lobbied the County Commissioners to eliminate the OMB." (Doc. 26 at 8). The Magistrate Judge cited to both Plaintiff's response to the summary judgment motion and the exhibit the response relied upon. *Id.* This is not a "finding" by the Magistrate Judge; it—along with much of Page 8 and 9—is part of the Magistrate Judge's recitation of Plaintiff's proffered chronology of events that she contends permit a plausible inference of retaliation.

Furthermore, the evidence Defendants cite in their objection and that Plaintiff cites in her response to the objection only serve to demonstrate one of the myriad factual disputes in this case. Defendants cite to evidence from Commissioner Vasquez and Judge Guevara that indicates Defendant Garcia did not lobby for the elimination of the OMB and the Commissioners Court did not like the checks and balances OMB provided. (*See* Doc. 15-3 at 29; Doc. 16-12 at 15). However, Plaintiff points to other testimony from Judge Guevara that indicates Defendant Garcia was able to influence the commissioners and Defendant Garcia was lobbying the Commissioners Court to abolish the OMB. (*See* Doc. 16-12 at 11, 15). Whether and to what extent Defendant Garcia lobbied for and influenced the elimination of the OMB is a fact issue that the jury must resolve. The objections are overruled.

**D. Objections as to Non-Retaliatory Motive**

Defendants raise two related objections as to the asserted non-retaliatory reasons for eliminating the OMB. (Doc. 27 at 5–6). Confusingly, Defendants complain that the Magistrate Judge made impermissible credibility determinations and object to his "failure to give more credence to Defendants' non-retaliatory reason for the decision to eliminate the OMB." *Id.* at 5.

With respect to their argument that the Magistrate Judge failed to give their summary judgment evidence "more credence," Defendants argue that economic concerns constitute legitimate, nonretaliatory reasons for an adverse employment decision. *Id.* at 5–6. Although Defendants do not directly reference it in their objection, the argument they are making is a *Mt. Healthy* "defense."[2] *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Under *Mt. Healthy*, even if a plaintiff carries his burden to establish he engaged in a protected activity and that the protected activity was a motivating or substantial factor in the employer's adverse decision, the employer can avoid liability by demonstrating "by a preponderance of the evidence that it would have reached the same decision as to respondent's []employment even in the absence of the protected conduct." *Id.* Because the defense has the burden of proof on this issue, to succeed at summary judgment it must establish "beyond peradventure" that it is entitled to judgment as a matter of law. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

The Magistrate Judge correctly concluded that fact issues preclude summary judgment on this issue. Defendants present some evidence on this issue. (*See* Doc. 27 at 6) (citing Doc. 15 at 3–4). Commissioner Vasquez testified that he proposed elimination of the OMB to save Presidio County money. (Doc. 16-13 at 2, 5). Defendants point to Plaintiff's testimony regarding her

---

2. As the Court discussed in its Order granting Defendants' Motion for Leave to Amend Answer, it is not clear whether the *Mt. Healthy* decision established a true affirmative defense or merely created a burden-shifting causation framework. The Court need not resolve that question because the Supreme Court made it clear that the employer carries the burden of proof as to this issue. *Mt. Healthy*, 429 U.S. at 287.

recollections of Commissioner Vasquez's assertions that the OMB should be eliminated as a cost-savings measure and that constituents questioned him as to why the county had three financial offices. (Doc. 15-1 at 16). They also reference Defendant Garcia's belief that the OMB was unnecessary and her lack of knowledge of other counties of a similar size having a similar entity or three financial offices. (Doc. 15-2 at 13–14). However, Plaintiff points to evidence from Judge Guevara about the cost-savings the OMB could provide due to its involvement in obtaining grants, the lack of discussion regarding specific amounts that would be saved at the time of the meeting and vote to eliminate the OMB, and the increased budgets for the treasurer and auditor and pay raises for the County Commissioners in the period between 2018 and 2020. (Doc. 16-6 at 5, 19; Doc. 16-9 at 3; Doc. 16-10 at 2–4; Doc. 16-11 at 2–3; Doc. 16-12 at 3, 5; Doc. 16-13 at 2). Plaintiff also points to evidence that Judge Guevara proposed elimination of other departments as an alternative cost-savings measure but could not get any support from the County Commissioners and refers to evidence that members of the public who spoke out at the August 22, 2018 meeting opposed the elimination of the OMB. (Doc. 16-12 at 4–5, 9–10).

Defendants object that the Magistrate Judge "believe[d] Plaintiff's purported reasons for the elimination of the OMB over Commissioner Loretto Vasquez's testimony under oath" and thereby improperly weighed the evidence. (Doc. 27 at 6). The Court disagrees.

Defendants correctly note that making credibility determinations and weighing the evidence are functions of the jury. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). At summary judgment, "[a]ll facts and inferences must be viewed in the light most favorable to the non-movant." *Koerner v. CMR Constr. & Roofing, LLC*, 910 F.3d 221, 227 (2018). However, "[c]redibility determinations have no place in summary judgment proceedings because non-movant['s] summary judgment evidence must be taken as true." *Id.* (quoting

*Richardson v. Oldham*, 12 F.3d 1373, 1379 (5th Cir. 1994)). In light of this standard, the Court concludes that the Magistrate Judge correctly determined that fact issues preclude summary judgment. The objections are overruled.

### E. Objections as to Presidio County's Potential Liability

Defendants' object to the R&R's "finding that retaliatory animus can be attributed to the County Commissioners." (Doc. 27 at 7). Defendants complain that the Magistrate Judge's conclusion "is based heavily on Plaintiff's conclusory allegations and self-serving facts that are insufficient to defeat summary judgment." *Id.* Defendants finally assert, with a vague reference to their Reply in support of their Motion for Summary Judgment, that Plaintiff's factual assertions are contradicted by the record. *Id.*

First, the Court notes Defendants again make an improper general objection; they assert a non-specific objection to the Magistrate Judge's "reliance" on "conclusory allegations and self-serving facts" and make a vague reference to their Reply and its description of certain of Plaintiff's factual assertions they believe are contradicted by the record.[3] Furthermore, the objection mischaracterizes the Magistrate Judge's R&R. The R&R did not find that retaliatory animus can be attributed to the County Commissioners; it determined that there was a fact issue as to whether Defendant Garcia's alleged retaliatory animus could be attributed to the County Commissioners. (Doc. 26 at 13). After reviewing the summary judgment record, the Court concludes there is a fact issue on this point. The objection is overruled.

Defendants' next objection is that the Magistrate Judge's reliance on circumstantial evidence of timing was incorrect and that the Magistrate Judge "believed Plaintiff's testimony over Commissioner Vasquez, which is improper at the summary judgment stage." (Doc. 27 at 7).

---

3. The Court admonishes Defendants' counsel that general references to prior filings in this case are, at the very least, contrary to the spirit of the objection process and are singularly unhelpful to the Court.

The Magistrate Judge considered evidence of timing and other circumstantial evidence that indicates the County Commissioners may have been influenced by retaliatory animus when reaching his conclusion that genuine issues of material fact preclude summary judgment. Under Fifth Circuit precedent, "[c]ircumstantial evidence is equally as probative as direct evidence in proving illegitimate intent" *Tompkins v. Vickers*, 26 F.3d 603, 609 (5th Cir. 1994). Additionally, the Fifth Circuit has determined that courts "should view temporal proximity between the activity and the adverse action in the context of other evidence." *Cripps v. La. Dep't of Agric. and Forestry*, 819 F.3d 221, 230 (5th Cir. 2016). There is some evidence in the record that Defendant Garcia had retaliatory animus, had influence with the County Commissioners, and sought the elimination of the OMB. As the Court has acknowledged throughout this Order, there is contrary evidence that Defendants can point to. As there is a factual dispute, this issue should proceed to the jury for resolution. Moreover, whether the County Commissioners were motivated by retaliatory animus is akin to a question regarding state of mind; claims involving state of mind as an element are less frequently resolved at summary judgment "because a party's state of mind is inherently a question of fact which turns on credibility." *See Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019).

Defendants also object that the Magistrate Judge "believed Plaintiff's testimony over Commissioner Vasquez, which is improper at the summary judgment stage." (Doc. 27 at 7). They further complain that the Magistrate Judge improperly "made a decision about the most 'reasonable' process to reach a conclusion." *Id.*

The Court is not persuaded that the Magistrate Judge improperly believed Plaintiff's testimony over that of Commissioner Vasquez. As previously discussed, at summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn

in his favor." *Anderson*, 477 U.S. at 255; *see also Koerner*, 910 F.3d at 227 (noting that credibility determinations are not made at summary judgment because the non-movant's facts are believed). The Court is not certain what portion of the R&R Defendants object to in their complaint that the Magistrate Judge made an impermissible decision about what is reasonable. The word "reasonable" does not appear in this section of the R&R. (*See* Doc. 26 at 11–13). To the extent that Defendants are objecting that the R&R improperly drew the inference that salary increases are incongruent with cost-savings measures, the objection is meritless. As the Court has repeatedly noted, inferences are to be drawn in favor of the non-movant at summary judgment. There is evidence that Presidio County salary and budgetary increases occurred in the time period relatively near to when the decision to eliminate the OMB was made. Whether the jury will or should draw that inference from these data points is for the jury to decide. The objections are overruled.

### F. Objections as to Defendant Garcia's Potential Liability

Defendants assert two objections related to the Magistrate Judge's recommendation as to causation, qualified immunity, and Defendant Garcia's potential liability. First, Defendants object to the R&R's conclusion that Defendant Garcia's retaliatory animus was a causal link in the chain of events that led to the elimination of the OMB. (Doc. 27 at 8). They contend such a conclusion requires establishment of "unlawful conduct" on the part of Defendant Garcia and Plaintiff only has evidence that "tension existed between [Defendant] Garcia and Plaintiff." *Id.* Second, Defendants object that the Magistrate Judge relied on "unsupported allegations" that Defendant Garcia influenced the County Commissioners to eliminate the OMB. *Id.*

As an initial matter, the Court notes that the Magistrate Judge did not propose a finding that Plaintiff had established that Defendant Garcia's retaliatory animus was a causal link, rather

he concluded that evidence of such a causal link "exists sufficient to survive a motion for summary judgment." (Doc. 26 at 14). The Court interprets this to mean that the Magistrate Judge concluded genuine issues of material fact precluded a ruling as a matter of law on this issue. The Court agrees with such a conclusion. However, the R&R's discussion of qualified immunity ends with the conclusion that Defendant Garcia is not entitled to qualified immunity. (Doc. 26 at 15). This conclusion is unwarranted, as the Magistrate Judge's analysis makes clear that there are genuine issues of material fact that preclude a legal determination as to the availability of qualified immunity at this stage of the proceeding. Accordingly, the Court rejects the recommendation that the Court deny qualified immunity.

Under Fifth Circuit precedent, "[i]f an individual defendant's animus against a coworker's exercise of First Amendment rights is a link in the causal chain that leads to a plaintiff's firing, the individual may be liable even if she is not the final decisionmaker." *Sims v. City of Madisonville*, 894 F.3d 632, 639 (5th Cir. 2018). Defendants' argument that Plaintiff is unable to establish "unlawful conduct" by Defendant Garcia because there is only evidence of tension between the two women is not persuasive. First, the Court notes that the "unlawful conduct" referenced in *Sims* is retaliatory animus that leads to an adverse employment action. *See* 894 F.3d at 641 (noting the issue is whether the individual defendant "can be liable for having unlawful motives that caused the firing" and concluding the individual's liability "turns on traditional tort principles of whether the particular act was a 'causal link'" in the adverse action).

As with many other issues in this case, the parties point to conflicting evidence in the summary judgment record. Defendants point to Defendant Garcia's testimony that there was pre-existing tension between Plaintiff and Defendant Garcia. (Doc. 15-2 at 14). Plaintiff points to her

own testimony that the relationship between the women deteriorated after Plaintiff ran for office and to evidence from Juanita Bishop that, prior to the primary election, Defendant Garcia asserted "she was going to find a way to get rid of [Plaintiff's] position," could not believe Plaintiff was challenging her again, and used a derogatory epithet to refer to Plaintiff. (Doc. 16-2 at 39; Doc. 19-1 at 1). Whether Defendant Garcia had a retaliatory animus is a question of fact for the jury to resolve.

Similarly, whether Defendant Garcia's alleged retaliatory animus influenced the County Commissioners is a question of fact for the jury. Defendant points to testimony from Commissioner Vasquez that his decision to propose the elimination of the OMB was not related to Plaintiff's First Amendment activity. (Doc. 15-3 at 28). In contrast, Plaintiff points to Commissioner Vasquez's testimony that he would not have proposed eliminating the OMB without Defendant Garcia's approval. (Doc. 16-3 at 11). Plaintiff also points to evidence that in April 2018, Defendant Garcia attempted to raise a complaint about Plaintiff to the Commissioners Court. (Doc. 16-6 at 13–14). Prior to the August 22, 2018 meeting, Defendant Garcia approached and assured Jeanne Hall, the other employee in the OMB, that she would have a job and advised her not to worry about the proposed elimination of the OMB. (Doc. 16-14 at 2). Additionally, Judge Guevara testified that Defendant Garcia was lobbying the County Commissioners to eliminate the OMB. (Doc. 16-12 at 15). The Court concludes that there are fact issues that preclude summary judgment. The objections are overruled.

## IV. CONCLUSION

Based on the foregoing discussion, the Court **ORDERS** that Defendants' Objection is **OVERRULED**. (Doc. 27).

The Court further **ORDERS** that the Magistrate Judge's Report and Recommendation is **ADOPTED** to the extent it is consistent with this Order. (Doc. 26).

Finally, the Court **ORDERS** that Defendants' Motion for Summary Judgment is **DENIED**. (Doc. 15).

It is so **ORDERED**.

SIGNED this 20th day of June, 2021.

_____
DAVID  COUNTS
UNITED STATES DISTRICT JUDGE