

Amanda N. Crouch
(210) 978-7784 (Direct Dial)
(210) 242-4684 (Direct Fax)
acrouch@jw.com

June 30, 2021

**By E-Mail**

Allison M. Skees
Law Clerk to the Honorable David Counts
United States District Judge
U.S. District Court for the Western District of Texas

    Re:    No. 4:19-CV-00037; *Sanchez v. Presidio County, Texas and Frances Garcia*; In the United States District Court For the Western District of Texas, Pecos Division

Dear Ms. Skees:

    Defendants have reviewed the Court's initial draft of the jury charge in the above-referenced matter. Defendants' suggested revisions are below. The headings referenced below match the headings in Draft 1 of the Court's Instructions to the Jury. Defendants have also included a marked-up version of Draft 1 for ease of reference.

**First Amendment Retaliation:**

- Last Paragraph on pg. 4 – Suggest revising second sentence to "More specifically, Plaintiff Katie Sanchez claims that Defendants Presidio County and Frances Garcia terminated her employment in retaliation for her decision to exercise her First Amendment free speech right when she ran against Frances Garcia for County Treasurer."

- Delete "and her position" in the highlighted portions and change to "elimination of the Office of Management and Budget." The Commissioners Court's decision at the August 22 Commissioners Court meeting was to eliminate the department, not any certain position. Revising this language makes the charge more factually accurate.

- Last Paragraph on pg. 5 – Change definition of "adverse employment action" to match PJC 10.6: "adverse employment actions include discharges, demotions, refusals to hire, refusals to promote and reprimands. They can also include transfers if they would be equivalent to a demotion. To be equivalent to a demotion, a transfer need not result in a decrease in pay, title, or grand; it can be a demotion if the new position proves objectively worse than the former position, such as being less prestigious or less interesting or providing less room for advancement." The standard in Draft 1 of the charge is based on *Burlington Northern & S.F. Ry. Co. v.*

Allison M. Skees
June 30, 2021
Page 2

---

*White*, 548 U.S. 53, 68 (2006).  As noted in FN7 to PJC 10.6, the Fifth Circuit has not adopted the *Burlington* standard for adverse employment actions in the First Amendment context.  *Johnson v. Halstead*, 916 F.3d 410, 422 n.5 (5th Cir. 2019).  Defendants' suggested language follows PJC 10.6 as well as the Fifth Circuit's decision in *Serna v. City of San Antonio*, 244 F.3d 479, 483 (5th Cir. 2001).

- Second Full Paragraph on pg. 6 – Defendants suggest deleting language regarding liability of Frances Garcia's liability.  Defendants contend the jury should only reach liability regarding Frances Garcia if the jury finds against Presidio County.

**Qualified Immunity:**

- Last paragraph of Qualified Immunity instructions on pg. 8 – Defendants suggest the highlighted language is not an action taken by Frances Garcia and the instructions presume it is.  Additionally, as established by the testimony at trial, Frances Garcia had no authority to eliminate the OMB because she is not a member of commissioners court and not a final decision maker on that issue.

- Defendants suggest changing the highlighted language to "…could have believed that any actions Frances Garcia may have taken violated Katie Sanchez's First Amendment constitutional rights."

**Compensatory Damages:**

- Last paragraph on pg. 9 – After the word "less," add statement from PJC 15.2 that "Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant."

**Verdict Questions:**

- Generally, Defendants suggest the instructions to be included immediately prior to the question the instructions relate to instead of grouping all the instructions first and then all the questions.

- Delete "and her position" in the highlighted portions of the questions. The Commissioners Court's decision at the August 22 Commissioners Court meeting was to eliminate the department, not any certain position.  Revising this language makes the questions more factually accurate.

- Defendants suggest the punitive damages instruction and definitions of malice and reckless indifference should be after Question 4 regarding liability as to Frances Garcia and before the punitive damages question.

- Defendants also request a question requiring the jury to find malice or reckless indifference before the jury may consider a question relating to punitive damages.

29429929v.1

In response to Mr. Wenke's June 25 correspondence, Defendants disagree with the suggested phrasing of Questions 1 – 5.  Defendants suggest the Court follows the language of the PJC that is included in Draft 1 and this correspondence.

Defendants also disagree with the requested instruction based on *Howell v. Town of Ball* and the revised descriptions of Plaintiff's protected activity. The requested revised language of protected activity is not listed in the PJC.  Further, *Howell* is a summary judgment case that did not discuss jury instructions or questions.  Defendants suggest the language included in the PJC should instead be followed for all instructions and questions.

Thank you for your consideration of this response.

Sincerely,

*Amanda Crouch*

Amanda N. Crouch

AKN:dlt

29429929v.1