IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| MARY CATHERINE "KATIE" SANCHEZ, § § § Plaintiff, § § v. § No. 4:19-CV-00037-DC-DF § PRESIDIO COUNTY, TEXAS and § FRANCES GARCIA in her individual capacity, § § Defendants. § | |

# PLAINTIFF'S MOTION FOR ATTORNEY FEES

**TO THE HONORABLE DAVID COUNTS, UNITED STATES DISTRICT JUDGE:**

Comes now MARY CATHERINE "KATIE" SANCHEZ, Plaintiff, and files this Motion for Attorney Fees, and would show the following:

This suit arises from the termination of Plaintiff's employment position in retaliation for her political candidacy, in violation of the First Amendment. Plaintiff now moves the Court to award her attorney fees reasonably and necessarily incurred in the pursuit of her cause of action. This motion is supported by the testimony of Plaintiff's attorneys, including their hourly billing records, exhibits A and B hereto. For the reasons stated herein, Plaintiff requests that the Court assess fees in the amount of $252,395.00. This is calculated by measuring attorney fees at the rate of $650.00 per hour, times 388.3 hours necessarily expended in the representation of the Plaintiff. Plaintiff has included all relevant considerations in the assessment of this hourly rate, and does not seek an "enhancement" of this lodestar.

I.   **Fees should be awarded to the Plaintiff**

Plaintiff moves that the Court award attorney fees under 42 U.S.C. § 1988. Section 1988 provides for attorney fees to prevailing parties in suits brought under certain of the civil rights laws, including 42 U.S.C. § 1983. The prevailing plaintiff in a civil rights suit should "ordinarily" recover fees under § 1988. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). To deny attorney fees "would contravene the very purposes for which section 1988 was designed[,] to encourage plaintiffs deprived of constitutional rights to seek redress." *Brown v. Bullard Indep. Sch. Dist.*, 640 F.2d 651, 654 (5th Cir. 1981), *citing Gore v. Turner*, 563 F.2d 159, 163 (5th Cir. 1977). "[B]ecause Congress believed that the incentive of attorney's fees was critical to the enforcement of the civil rights laws, section 1988 requires an extremely strong showing of special circumstances to justify a denial of fees." *Sanchez v. City of Austin*, 774 F.3d 873, 880 (5th Cir. 2014), *quoting Hous. Chronicle Publ'g Co. v. City of League City, Tex.*, 488 F.3d 613, 623 (5th Cir. 2007).

The Fifth Circuit has thus "consistently held" that prevailing parties are ordinarily entitled to attorney fees "unless special circumstances would render such an award unjust." *Brown.*, 640 F.2d at 654, *quoting Criterion Club of Albany v. Board of Commissioners*, 594 F.2d 118, 120 (5th Cir. 1979); *see also Hensley*, 461 U.S. at 429. For this reason, the Court's discretion to deny fees under section 1988 is "exceedingly narrow." *Sanchez*, 774 F.3d at 878. Although the text of the statute makes the award of fees discretionary, 42 U.S.C. § 1988(b), "the judicial gloss on § 1988, and its legislative history, have constrained that discretion, in most cases converting the statute's 'may' into a 'must.'" *Id.* at 880.

There are no special circumstances to justify denying an award to Sanchez of attorney fees in this case. The Court should award her fees.

II.     **The methodology for assessing fees.**

The Fifth Circuit recently reiterated its well-established methodology for determining a reasonable attorney fee. *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391 (5th Cir. 2016). The court must first calculate the lodestar, which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id.* The lodestar is presumed reasonable, but the Court may enhance or decrease it based on the twelve *Johnson* factors. *Id.*, *citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (*abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)). Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Combs*, 829 F.3d at 391 n. 1, *citing Johnson*, 488 F.2d at 717-19.

The attorney fees calculus "is a fact-intensive one and its character varies from case to case." *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000). However, the Court should not "double count" any *Johnson* factor by adjusting the lodestar due to a consideration that was already taken into account during the initial calculation. *Black v. SettlePou, PC*, 732 F.3d 492, 502 (5th Cir. 2013). In this case, Plaintiff's counsel have included all of the relevant *Johnson* factors in determining a reasonable hourly rate for the representation of the Plaintiff this case. Therefore, Plaintiff does not request an enhancement in excess of the lodestar. However,

Plaintiff respectfully requests that if the Court finds that any of these factors should not be considered in measuring a reasonable hourly rate, that the Court instead award an enhancement of the fee on the basis of these factors, to award a total fee in the amount requested by Plaintiff.

### III.   The number of hours expended

Two attorneys have provided services to Plaintiff in this case, John A. Wenke and John P. Mobbs. (See Exhibit A, the affidavit of John A. Wenke, and Exhibit B, the declaration of John P. Mobbs).  Both attorneys maintained contemporaneous records of the time expended in this case. (Ex. A ¶ 6, Ex. B ¶ 6).  Mr. Wenke expended 304.6 hours in connection with the representation of Plaintiff to date.  (Ex. A ¶ 6 and Exhibit A-1).  Mr. Mobbs expended 83.7 hours in connection with the representation of Plaintiff to date.  (Ex. B ¶ 7 and Exhibit B-1).  This was a reasonable amount of time to expend on the legal services provided to Plaintiff in connection with the prosecution of this case.  (Ex. A ¶ 6, Ex. B ¶ 7).

Although Plaintiff had two attorneys, there was no duplicative, unnecessary, or redundant work.  (Ex. A ¶ 7, Ex. B ¶ 7).  Tellingly, Defendants were also represented by two attorneys in this matter, including Mr. Hogg, a seasoned and exceptional employment attorney.  Unlike Defendants, Plaintiff only had one attorney appear for the trial, as well as for depositions and other personal appearances for pretrial matters.  The time expended by Plaintiff's second attorney was limited to researching, analyzing, and briefing discrete legal motions and issues.

Both attorneys exercised "billing judgment" in measuring their time.  (Ex. A ¶ 6, Ex. B ¶ 7).  The attorneys did not bill for every email conversation or telephone conference related to the case; and even where some of these items are recorded, they are noted as no time or unbillable time where counsel deemed appropriate not to bill for those services.  (Ex. A ¶ 6, Ex. B ¶ 7).

Furthermore, counsel "rounded down" their recorded time, to ensure that unproductive time was not billed to the client. (Ex. A ¶ 6, Ex. B ¶ 7).

Based on the attached statements and time records, the Court should assess fees based on 304.6 hours reasonable expended by attorney Wenke, and 83.7 hours reasonably expended by attorney Mobbs in the representation of Plaintiff in this matter.

### IV.   Hourly rate and calculation of the lodestar

Based on all relevant considerations, as discussed in more detail in the attached affidavit and declaration, Plaintiff requests that the Court utilize the rate of $650 per hour to calculate the lodestar. The rate of $650 per hour provides a reasonable fee in the circumstances of this case, based on all relevant considerations. (Ex. A ¶ 11, Ex. B ¶¶ 9, 23).

Mr. Wenke has been practicing law for almost thirty years. He practices in the area of plaintiff's employment law. He has tried over fifty jury trials, with several significant verdicts. He currently serves as the Chair of the State Bar of Texas Labor and Employment Law Section. Additional information regarding his experience, reputation, and ability is detailed in his affidavit. (Ex. A ¶¶ 2-4).

Mr. Mobbs has also been practicing law for almost thirty years. He has been board-certified in the area of civil appellate law by the Texas Board of Legal Specialization for more than twenty years. He has participated in hundreds of civil appeals. He has served on the Advisory Committee to the Texas Board of Legal Specialization in the area of civil appellate law. Additional information regarding his experience, reputation, and ability is detailed in his declaration. (Ex. B ¶¶ 2-4).

The nature of this case, including its legal complexity and factual difficulty, is a

significant determination in assessing the reasonable fee. This case involved public corruption, specifically, an abuse of the political system by elected officials to punish political expression. (Ex. A ¶¶ 8-9). It included the factual difficulty of developing relevant circumstantial evidence and then proving the retaliatory motive of Defendants based on that circumstantial evidence, despite their attempts to conceal that motive. (Ex. A ¶ 9). There were several difficult contested legal issues in the case, including the application of the *Burlington* standard for assessing an adverse employment action to a First Amendment retaliation suit; the responsibility of the County defendant for the unlawful motivations of the decisionmakers; the individual defendant's liability as a person in the chain of causation; and the claim of qualified immunity. (Ex. B ¶ 15). The complexity of the case is demonstrated by the fact that Defendants found it appropriate to be represented at trial by two experienced counsel.

One of the *Johnson* factors is "whether the fee is fixed or contingent." *Johnson*, 488 F.2d at 717. Both of Plaintiff's attorneys typically bill at the hourly rate of $350 per hour when they perform work on an hourly-fee basis, when that fee is payable on an ongoing basis as the work is performed and is not contingent on the results obtained. (Ex. A ¶ 10, Ex. B ¶ 10). However, counsel represented the Plaintiff in this case on a contingent-fee basis. (Ex. A ¶ 10, Ex. B ¶ 11). As such, they have not been paid anything for their work to date, and payment of any fees is contingent on the receipt of funds from Defendants. (Ex. A ¶ 10, Ex. B ¶ 11). For this reason, Plaintiff's attorneys would not have agreed to accept this case for their usual hourly billing rate, if the payment of those fees was delayed and contingent on the result. (Ex. A ¶ 10, Ex. B ¶ 11). This Court has recognized that it is appropriate to account for this delay and risk in calculating fees when work is performed on a contingent-fee basis. *See Lechuga v. Magallanes*, No. MO-

16-CV-00269-RAJ-DC, 2017 WL 8180782, at *3-4 (W.D. Tex. 2017) (assessing fees at a rate higher than counsel's rate for non-contingent work, because of the contingent nature of their fee); *see generally Bridges v. Ridge Nat. Res., LLC*, No. MO:18-CV-00134-DC, 2020 WL 7496843, at *4 (W.D. Tex. June 23, 2020) (contingent nature of fee supported use of benchmark percentage in class action).

The rates requested are consistent with fee awards that have been granted to Plaintiff's counsel in past cases of employment discrimination and retaliation. Both of Plaintiff's attorneys have been awarded fees in employment cases in State court at the rate of $700 per hour in past cases, and this rate has been awarded to other attorneys with similar experience in State court in El Paso. (Ex. A ¶ 12, Ex. B ¶ 13). In *Richardson v. White Consolidated*, Cause No. 2003-4378, a Texas district court awarded $300,000 in attorney fees in a gender discrimination case in which Mr. Wenke represented the plaintiff, which represented an hourly rate of $744.00 per hour. (Ex. A ¶ 12). More than ten years ago, Mr. Wenke's and Mr. Mobbs's fees were assessed by a Court in this District at an effective rate in excess of $450 per hour (after enhancement of the lodestar). *Jackson v. Host Int'l, Inc.*, No. EP-08-CA-112-FM, 2009 WL 10669466 (W.D. Tex. 2009), *aff'd*, 426 Fed. Appx. 215 (5th Cir. 2011). Fifteen years ago, Mr. Wenke's fees were assessed by a Court in this District at the effective rate of $365 per hour (after enhancement of the lodestar). *Edwards v. Aaron Rents, Inc.*, 482 F.Supp.2d 803, 814 (W.D. Tex. 2006).

Fee awards are commonly predicated on the prevailing rate in the local community. However, when it is appropriate for a party to retain out-of-town counsel, the attorney's "home" rates should be considered as a starting point for calculating the lodestar amount. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 382 (5th Cir. 2011). In this case, it was reasonable for the

Plaintiff to seek out-of-town representation. As noted above, this case is legally complex; and although the ultimate facts are not complicated, developing the evidence necessary to prove those facts by circumstantial evidence increased the difficulty of the case. It was therefore reasonable for Plaintiff to seek representation by attorneys with substantial experience in employment discrimination and retaliation suits. Mr. Wenke's practice is dedicated to representing employees in employment disputes. On the 2019 "Super Lawyers" list of the Top 50 Attorneys in the Central/West Texas Region, which includes Austin, San Antonio, El Paso, and the vast West Texas region in between, Mr. Wenke is the only plaintiff's employment-law attorney listed.[1] (Ex. A ¶ 13). Mr. Mobbs is a board-certified appellate specialist. There are few attorneys in West Texas who specialize in civil appeals, and the one whose office is in Odessa practices in defense work and business litigation, not representing plaintiffs. (Ex. B ¶ 14). In these circumstances, it was appropriate for Plaintiff to obtain El Paso attorneys to represent her. *See Sierra Club v. Energy Future Holdings Corp.*, No. W-12-CV-108, 2014 WL 12690022, at *6 (W.D. Tex. 2014) (awarding fees at the home-market rates of out-of-town counsel for "more specialized and sophisticated legal services"). Furthermore, limiting attorney fees in this case to the rates charged in Pecos will make it more difficult for a victim of political corruption in a rural county, like Plaintiff, to obtain representation from another city; this may pose particular difficulties when local attorneys can reasonably fear political retaliation. (Ex. A ¶ 13). Plaintiff requests that the Court assess fees utilizing the rate of $650 per hour, representing a slight reduction of the home-market rate that Plaintiff's attorneys would request and reasonably expect to recover for handling a case of this nature on a contingent-fee basis in El Paso.

---

[1] https://www.superlawyers.com/texas/toplists/top-50-2020-central-west-texas-super-lawyers/b36745962d5a1345e1b6dc85e9a80405 (accessed July 26, 2021).

Other relevant factors include the time required to properly present the case, the time limits imposed by the circumstances, and the effect on counsel's ability to utilize that time for other clients. Mr. Wenke closed down his office for four weeks – three weeks for trial preparation, including a one week delay due to the Court's docket, as well as the week spent in Pecos for the trial. During that time, he saw no new clients and referred potential new clients to other attorneys. (Ex. A ¶ 6). Other time restrictions resulted from the deadlines to respond to Defendant's motions. Plaintiff's response to Defendants' motion for summary judgment was filed within two weeks of the filing of Defendants' motion; Plaintiff's response to Defendants' motion to strike Plaintiff's summary judgment evidence was filed within one week of the filing of Defendants' motion; and Plaintiff's response to Defendant's objections to the magistrate's report and recommendations was filed within two weeks of the filing of Defendants' objections. (Ex. B ¶ 16).

The results obtained as a result of the work of counsel were excellent. The Court rejected Defendants' pretrial motions, and the jury found in favor of the Plaintiff on all issues, awarding damages at the top of the range requested of the jury at trial.

The hourly rate requested herein is comparable to the rates utilized recently by this Court. This Court recently approved fees at the rate of $525 per hour for a plaintiff's employment attorney, in *Garcia v. Von Grist, Inc.*, No. MO-20-CV-00093-DC-RCG, 2021 WL 2784475, at *6 (W.D. Tex. 2021), *report and rec. adopted*, 2021 WL 2784473 (W.D. Tex. 2021). Information available online from the State Bar of Texas indicates that the plaintiff's attorney in *Garcia* has been licensed since 1993, approximately the same length of time as Mr. Wenke and Mr. Mobbs. However, *Garcia* was a substantially less complex case than this suit, for two

9

significant reasons:  First, the case was decided by default judgment, so the plaintiff's counsel did not have to respond to a vigorous defense, unlike this case.  The Fifth Circuit has recognized that a vigorous defense can be considered in determining a reasonable fee.  *DP Solutions, Inc. v. Rollins*, 353 F.3d 421, 433 (5th Cir. 2003).   Second, even if the *Garcia* case had been vigorously defended, that case was an FLSA action for unpaid overtime compensation.  As such, the case was less legally complicated than this case, and unlike this case, the plaintiff in *Garcia* was not required to prove the defendant's discriminatory or retaliatory motive.  For these reasons, the fee award in this case should be calculated at a higher rate than the fee award in *Garcia*.

In a recent non-employment case (involving a dispute over equipment rental), this Court awarded attorney fees at the rate of $400 per hour to a partner in the same law firm representing Defendants in this case.  That partner was admitted to the bar in 2004, and therefore has more than ten years less experience than Mr. Wenke and Mr. Mobbs.  There is no indication that the case involved any particular difficulties or that his fee was contingent on the results obtained.  Furthermore, unlike the possibility of repeat business from the commercial plaintiff in that case, this is expected to be the only case in which Plaintiff's counsel will represent her; the consideration of possible repeat business does not provide an incentive to lower the fee, as it does when an attorney represents businesses, governmental entities, and insurance companies.  *Al Asher & Sons, Inc. v. Foreman Elec. Serv. Co., Inc.*, No. MO-19-CV-173-DC, 2021 WL 799315, at *5 (W.D. Tex. 2021).

The total amount of fees requested herein is also consistent with amounts awarded in other employment cases.  In *Kostic v. Texas A&M University*, a Title VII retaliation case involving First Amendment issues, the Court awarded attorney fees in excess of $430,000.

*Kostic v. Tex. A&M Univ.-Commerce*, No. H93:10-CV-2265-M, 2015 WL 9997211, at *9 (N.D. Tex. 2015), report and rec. adopted, 2016 WL 407357 (N.D. Tex. 2016). Employment cases tried in West Texas have resulted in attorney fee awards in excess of the amount requested herein. As noted above, in *Richardson v. White Consolidated*, Cause No. 2003-4378, a State District Court in El Paso awarded $300,000 in attorney fees in a gender discrimination case in which Mr. Wenke represented the plaintiff. In *Dillard Department Stores v. Gonzales*, a suit for gender discrimination, the El Paso Court of Appeals upheld an attorneys' fee award through trial of $421,085.00. *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied). In *West Telemarketing Corp. Outbound v. McClure*, a suit for race discrimination, the Texas Court of Appeals (El Paso) affirmed a judgment awarding attorney fees of $278,400 through trial. *West Telemarketing Corp. Outbound v. McClure*, 225 S.W.3d 658, 676 (Tex. App.—El Paso 2006, vacated by agrmt.). These figures are consistent with awards in other parts of Texas: In *Wal-Mart Stores v. Davis*, the appellate court upheld a fee award of $427,000 in a sexual harassment case. *Wal-Mart Stores v. Davis*, 979 S.W.2d 30, 45 (Tex. App.—Austin 1998, pet. denied). In *Borg-Warner Protective Services v. Flores*, the court affirmed an attorney fee award of $339,000 in a gender discrimination case. *Borg-Warner Protective Services Corp. v. Flores*, 955 S.W.2d 861, 870 (Tex. App.—Corpus Christi 1997, no pet.).

Plaintiff's counsel is aware that this Court has previously relied on the State Bar of Texas Hourly Rate Report "Fact Sheet" in assessing attorney fees. However, another Judge in this District recently explained why the "Fact Sheet" is not a persuasive authority for assessing attorney fees, particularly for attorneys performing work on a contingent-fee basis. *Diocesan*

*Migrant & Refugee Services, Inc. v. United States Immigration & Customs Enf't*, No. EP-19-CV-00236-FM, 2021 WL 289548, at *12 (W.D. Tex. 2021).  "First, the Texas Bar has not published an updated Fact Sheet since 2015.  Six-year-old fee data is unreliable and likely to skew lower than current attorney fees. The Fact sheet itself notes a 7.4% increase in median rates from 2013 to 2015."  *Id.*

"Second, it is uncertain that even a 2021 Fact Sheet would accurately represent the reasonable hourly rate[.]"  *Id.*  In making this observation, the Court cited the analysis of N. Shirlene Pearson, Ph.D., an experienced statistical consultant and expert, which is also attached hereto as Exhibit "C."  As explained in Dr. Pearson's report, the Hourly Fact Sheet and the survey on which it is based are unreliable because the response rates are unacceptably low; the sample size is too low to demonstrate reliability of the numbers, at least for determining fee rates in actual cases; the survey is a self-selecting survey, and surveys of this type are known to suffer from selection bias, the extent of which is unmeasurable; the survey includes sensitive questions, exacerbating selection bias; the randomization of responses is perturbated because of the email delivery of the survey, preventing any statistically valid analysis of the data; the calculations are not based on an accurate methodology; the report provides no guidance on how adjustments may be made over time; and the survey does not ask questions needed to fairly determine fees for plaintiff attorneys retained on a contingency basis in employment cases.  Dr. Pearson concludes that no reliance can be placed on the Hourly Fact Sheet or the survey upon which it is based, when deciding allowable fees for plaintiff attorneys working on contingent fees in employment cases. (Ex. C).

The Court also found it "telling" that "the Texas Bar itself warns against using the Fact

Sheet to set attorney fees." *Diocesan Migrant & Refugee Services, Inc.*, 2021 WL 289548, at *12 & n. 138, *citing Texas State Bar, Demographic & Economic Trends: Economic Trends*. At that website, the Texas Bar states, "Research and Analysis staff conducts periodic surveys of Texas attorneys on a number of topics, including billing methods, hourly rates, hours worked, and income. Please note that income and hourly rate reports are not intended to set appropriate attorney fees or incomes."[2] For all of these reasons, this Court should not place any reliance on the State Bar's Fact Sheet in determining a reasonable rate for this case.

Based on all of the above, Plaintiff moves the Court to assess attorney fees in the amount of $252,395.00, representing 388.3 hours reasonably and necessarily expended to date, at the rate of $650 per hour. In the event of additional time expenditure before the Court's ruling, counsel will supplement their attached statements with evidence regarding that time.

Pursuant to Local Rule CV-7(i), the undersigned counsel has conferred with opposing counsel in an attempt to resolve this matter, and has been unable to reach agreement.

WHEREFORE, PREMISES CONSIDERED, MARY CATHERINE "KATIE" SANCHEZ, Plaintiff, requests that the Court award her attorney fees in the amount of $252,395.00, and for such other relief to which she may be justly entitled.

---

[2] See https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends (accessed July 26, 2021)

Respectfully submitted,

*/s/ John A. Wenke*
**JOHN A. WENKE**
Attorney for Plaintiff
State Bar No. 00788643
501 E. California Ave.
El Paso, Texas 79902
Telephone: (915) 351-8877
Facsimile: (915) 351-9955
lawoffice@johnwenke.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the clerk using the CM/ECF system, which will send notification of such filing to Jon Mark Hogg, Jackson Walker, 136 W. Twohig Ave., Suite B. San Angelo, Texas 76903, Attorney for Defendant.

*/s/ John A. Wenke*
**JOHN A. WENKE**