IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| MARY CATHERINE "KATIE" SANCHEZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 4:19-CV-00037-DC-DF |
| PRESIDIO COUNTY, TEXAS and FRANCES GARCIA in her individual capacity, | § § § § | |
| Defendants. | § | |

## DECLARATION OF JOHN A. WENKE

"My name is John A. Wenke. I am over eighteen (18) years of age and I am fully competent to make this affidavit. I have personal knowledge of the facts stated herein. Every statement herein is true.

I am an attorney duly licensed to practice law in the State of Texas, and have been so licensed since November 1993. I am also admitted to practice in the State of New Mexico, as well as before the United States District Courts, Western District of Texas, and the District of New Mexico.

I am a sole practitioner and my primary area of practice is plaintiff's employment law. My office has a staff of only one full time and one part time employee. I have tried over a fifty jury trials, and have received several favorable jury verdicts in employment cases. These verdicts include the following: $30.5 million (workers' comp retaliation), $10.4 million (age discrimination), $5.8 million (national origin discrimination); $2.3 million (age discrimination), $2 million (First amendment retaliation), $1.9 million (gender / retaliation) $1.6 million (age discrimination), $1.4 (gender discrimination); $982,500 (age discrimination / retaliation); $690,060 (age discrimination); $503,000 (gender discrimination), $500,000 (race discrimination), $375,000 (race and retaliation),

$362,500 (workers' comp retaliation) and $275,300 (gender discrimination). In 2001, I had the largest single plaintiff employment law verdict in the nation. In 2019, I also received a $3,200,000 jury verdict as a part of multi-plaintiff negligence/wrong death case.

I have been routinely selected as a "Texas Super Lawyer" in Employment Litigation and/or Labor & Employment Law by *Texas Monthly Magazine*, as well as in the "Best Lawyers in America" list for Labor and Employment Law. I have twice been named one of the "Top 50 Lawyers in Central and West Texas" (comprising all attorneys in Austin, San Antonio and El Paso) in *Texas Monthly Magazine*. I also currently serve as the Chair of the State Bar of Texas Labor and Employment Law Section. I have also presented at legal seminars on employment law topics.

I am the attorney for the Plaintiff Mary Catherine "Katie" Sanchez, and trial counsel in his case styled Mary Catherine "Katie" Sanchez v. Presidio County, Texas and Frances Garcia in her individual capacity.

In the present case, I spent **304.6 hours** working on this case. Contemporaneous records of time were kept in this case, which are being provided and attached hereto as ***Exhibit A-1.*** The hours reflected on the billing records were actually expended in providing the services described therein. The combination of trial preparation (including a one week delay of trial) and the trial itself effectively shut down my small law practice for four weeks. During this time, I turned away several consultations and potential cases. On average, my office receives two to three consultation requests per day, and of this number, I will schedule four to six office consultations per week.

Based upon my nearly three decades of litigation experience, the amount of time worked on this case is a reasonable amount of hours to expend on an employment related case. It was reasonable and necessary to expend this number of hours in the representation of the Plaintiff in this case. These records actually provide a conservative estimate of the time I expended on this case,

because I exercised "billing judgment" by choosing not to bill for every email communication or telephone conversation, by writing off some of the time that is recorded as "no charge" (n/c) and by "rounding down" the time I recorded for tasks in order to avoid including excessive or unproductive time. The tasks I performed in this case did not overlap with the tasks performed by my co-counsel. The hours that I recorded on this case did not include any time that was excessive, redundant, or otherwise unnecessary to the pursuit of this case on behalf of the Plaintiff.

Defendant defended this case vigorously. Two lawyers have appeared in this case as counsel for Defendant. Defendant's lead counsel Jon Mark Hogg is a very seasoned, well prepared and exceptional employment attorney, and works for one of the top law firms in the state. Co-counsel Amanda Crouch is a very well prepared, highly intelligent and exceptional attorney as well. Defendant filed a motion for summary judgment in this case. Attorney John P. Mobbs joined me as co-counsel in this case for the purpose of responding to dispositive motions and legal issues raised by Defendant. However, again, we did not duplicate the services we provided, and only one attorney for the Plaintiff attended the trial while Defendant had two attorneys.

This was a difficult case in which to represent the Plaintiff. First Amendment Retaliation cases are not common. This is the first such case I have tried. The Plaintiff asserted her job was eliminated as a retaliation for exercising her First Amendment rights. Plaintiff specifically alleged that her political opponent, the county treasurer, planned and used members of commissioner's court to effectuate the political retaliation and eliminate Plaintiff's department as well as her position.

This case, like most employment discrimination cases, was void of direct evidence, leaving the difficult task of using circumstantial evidence as the sole tool to convince the jury that an illegal motive existed behind Defendants' conduct. Among the many hurdles Plaintiff overcame was the Defendants' proffered explanation that Plaintiff and her department provided financial services duplicative of the

treasurer and auditor's office, and that the job elimination was a cost savings measure. Defendants also argued that Defendant Frances Garcia was not involved in the job elimination and had no power to influence commissioner court's decision. The credibility of the witnesses were paramount, and exposing untruths and inconsistencies was an important strategy in the potential success of this case. I respectfully believe that this case required a high level of legal and trial skills to successfully pursue a favorable verdict for the Plaintiff. Although a civil case, in many facets I tried this case similar to the way a prosecutor would present a public corruption case to a jury.

I accepted representation of this case on a contingent fee basis. I have received no compensation for any of the hours worked on this case thus far, and all costs involved in this case have been advanced by me.

For purposes of calculation the lodestar, I submit respectfully that a reasonable hourly rate for my services to represent the Plaintiff in this particular case is $650 per hour. This rate is based on all of the factors relevant to determine a reasonable and necessary attorney fee in this case.

"Litigators" (which include those who don't actually try cases) in El Paso County generally charge hourly rates ranging between $250 to $500 per hour to clients able to pay such fees. These are mostly corporate clients who retain attorneys for on-going work / representation beyond a single case. My standard hourly rate for a client about to pay is $350 per hour. I have had two clients in the past two years who have paid on an hourly basis. Nearly all of my clients cannot afford to pay attorney fees.

In this case, my client, who is an older single mom, could not afford to pay my fees on an hourly basis, therefore an agreement was made to represent her on a contingency fee basis. An attorney representing the Plaintiff in this case on a contingent-fee basis cannot expect to receive any fees until the conclusion of the case, and only if there is a recovery from the Defendants. I would not have

accepted representation of the Plaintiff in this case at my usual hourly rate, with knowledge that the payment of those fees was contingent on recovery in the case and delayed until the recovery in the case. Because of the delay and uncertainty of recovery, the rate that an attorney would charge to clients who are able to pay for legal services on an ongoing basis at that rate, as is presumably the case for Defendants' counsel in this matter, is not a reasonable hourly rate for purposes of calculation of the lodestar. Instead, a higher hourly rate is reasonable and necessary.

Similar employment cases have resulted in attorney fee awards in excess of the lodestar amount requested herein. In *Dillards Dept Stores v. Gonzales*, a suit for gender discrimination, the El Paso Court of Appeals upheld an attorneys' fee award through trial of $421,085.00. *Dillards Dept Stores v. Gonzales*, 72 S.W.3d 398, 413 (Tex. App. – El Paso 2002, pet. denied). In *West Telemarketing Corp. Outbound v. McClure,* a suit for race discrimination, the El Paso Court of Appeals affirmed a judgment awarding attorney fees of $278,400 through trial. *West Telemarketing Corp. Outbound v. McClure*, 225 S.W.3d 658, 676 (Tex.App.–El Paso 2006, vacated by agrmt.) These figures are consistent with other awards throughout Texas: In *Wal-mart Stores v. Davis*, 979 S.W.2d 30, 45 (Tex.App.—Austin 1998, pet. denied), the court upheld a fee award of $427,000 in TCHRA case. In *Borg-Warner Protective Services*, the court affirmed an attorney fee award of $339,509.86 in a single-plaintiff case under the TCHRA. *Borg-Warner Protective Services v. Flores*, 955 S.W.2d 861, 870 (Tex. App.—Corpus Christi 1997, no pet.)

Past employment cases handled by the undersigned attorney have resulted in attorney fee awards in the same range. In *Richardson v. White Consolidated*, Cause No. 2003-4378, the 327th District Court in El Paso awarded $300,000 in attorney fees in a TCHRA case (gender discrimination). The attorney fee award represented an hourly rate of $744.00 per hour. The same Court awarded $77,500.00 in appellate fees. In 2009, in *Jackson v. Host Int'l, Inc.*, No. EP-08-CA-112-FM (W.D.

Tex. Dec. 21, 2009), the federal district court awarded attorney fees in the amount of $175,000.00 through trial in an age discrimination case. This award represented an hourly rate of approximately $450.00 per hour." In early 2014, the 346th Judicial District Court awarded fees at the hourly rate of $500 for services provided by both of Claimant's attorneys herein in an age discrimination suit under the TCHRA. *Vielma v. ACC Holdings*, No. 2011-DCV04851.

A fee in the amount of $197,990 representing 304.6 hours at the rate of $650.00 per hour, is a reasonable, necessary, equitable and just fee for my services in this case to the date of this declaration, based on a consideration of all of the relevant factors, including (1) time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

Based on all of the foregoing, the amount of $197,990 represents a reasonable and necessary attorney fee for my own services on behalf of the Plaintiff in this matter to the date of this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in El Paso County, Texas on August 9, 2021.

*/s/ John A. Wenke*
John A. Wenke