IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **MARY CATHERINE "KATIE" SANCHEZ**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 4:19-CV-00037-DC-DF |
| **PRESIDIO COUNTY, TEXAS** and **FRANCES GARCIA** in her individual capacity, | § § § § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION FOR JUDGMENT

**TO THE HONORABLE DAVID COUNTS, UNITED STATES DISTRICT JUDGE:**

Comes now MARY CATHERINE "KATIE" SANCHEZ, Plaintiff, and files this Motion for Judgment, and would show the following:

1. Plaintiff Katie Sanchez filed this suit under 42 U.S.C. § 1983 against Defendants Presidio County, Texas and Frances Garcia, individually, for retaliation based on her exercise of her First Amendment right to be a candidate for political office. Having heard the evidence, the jury returned a verdict in favor of Sanchez, finding that Defendants retaliated against her for exercising her First Amendment rights, and assessing her damages as well as exemplary damages.

2. Pursuant to Rule 58, a Court must promptly approve the form of the judgment, which the Clerk must promptly enter, when (1) the jury returns a special verdict, (2) the jury returns a general verdict with answers to written questions, or (3) the Court grants other relief not described in Rule 58(b). FED.R.CIV.P. 58(b)(2).

3. Plaintiff moves the Court to render judgment on the verdict, awarding her actual damages, exemplary damages, attorney fees, pre- and postjudgment interest, and costs of court.

4. Approximately contemporaneously with the filing of this motion, Plaintiff files her motion for attorney fees, requesting this Court to assess fees pursuant to 42 U.S.C. § 1988.

5. In section 1983 cases, whether to award prejudgment interest is within the discretion of the Court. *Faulkenberry v. Yost*, No. AU-15-CA-01089-SS, 2018 WL 297615, at *11 (W.D. Tex. 2018). Plaintiff moves the Court to exercise its discretion to assess prejudgment interest in order to provide full compensation for the delay in payment to her and the Defendants' use and detention of the funds representing the damages she is entitled to recover, for the period while this suit was pending. *See generally George v. Foster*, 129 F.3d 610, 1997 WL 681151, at *1 (5th Cir. 1997) (purpose of prejudgment interest).

6. When awarded in a section 1983 action, prejudgment interest is calculated according to state law. *Pressey v. Patterson*, 898 F.2d 1018, 1026 (5th Cir. 1990). Plaintiff therefore moves for an award of prejudgment interest only on her actual damages sustained in the past, as found by the jury. TEX.FIN.CODE § 304.1045; TEX.CIV.PRAC.&REM.CODE § 41.007. Plaintiff moves that the prejudgment interest be assessed from the date this suit was filed, July 17, 2019, until the day before the judgment is entered, at the current Texas rate of 5% per annum, which is likely to remain the prevailing rate through the date of judgment. TEX.FIN.CODE § 304.003, 304.005, 304.103, 304.104.

7. Postjudgment interest is a matter of federal law and is awarded as a matter of course under 28 U.S.C. § 1961. *Faulkenberry*, 2018 WL 297615, at *11. Such interest is

calculated at the time the judgment is entered and is based on the weekly average Treasury yield. *Id.*, *citing* 28 U.S.C. § 1961(a).  Plaintiff requests the Court to award postjudgment interest at the rate prevailing on the date of entry of judgment.

8. Costs should be awarded to the Plaintiff as prevailing party.  FED.R.CIV.P. 54(d)(1).  Upon entry of judgment, Plaintiff will submit a bill of costs to the Clerk of the Court. *Id.*

9. Plaintiff's proposed judgment is submitted contemporaneously with this motion.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court render judgment awarding her actual damages, exemplary damages, attorney fees, and interest, and such other relief to which she may be justly entitled.

Respectfully submitted,

*/s/ John A. Wenke*
**JOHN A. WENKE**
Attorney for Plaintiff
State Bar No. 00788643
501 E. California Ave.
El Paso, Texas 79902
Telephone:  (915) 351-8877
Facsimile:  (915) 351-9955
lawoffice@johnwenke.com
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the clerk using the CM/ECF system, which will send notification of such filing to Jon Mark Hogg, Jackson Walker, 136 W. Twohig Ave., Suite B. San Angelo, Texas 76903, Attorney for Defendant.

*/s/ John A. Wenke*
**JOHN A. WENKE**