**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **MARY CATHERINE "KATIE"** | § | |
| **SANCHEZ,** | § | |
|      **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO. 4:19-CV-00037** |
| | § | |
| **PRESIDIO COUNTY, TEXAS and** | § | |
| **FRANCES GARCIA in her individual** | § | |
| **capacity,** | § | |
|      **Defendants** | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEE'S

TO THE HONORABLE JUDGE DAVID COUNTS:

Presidio County, Texas, and Frances Garcia in her individual capacity, Defendants, file this Response to Plaintiff's Motion for Attorney Fees (the "Motion") and would respectfully show the Court as follows:

## SUMMARY OF RESPONSE

Plaintiff improperly purports to seek an award of attorneys' fees before a judgment has been entered in this case. As such, Plaintiff's Motion is premature and should be abated until this Court rules on Defendants' Motions for Judgment Notwithstanding the Verdict and any other post-trial motions and renders judgment in this case.

Even if the timing of Plaintiff's Motion was proper, Plaintiff's Motion requests an unreasonable hourly rate that is not supported by any authority or evidence. Accordingly, Plaintiff's proposed "lodestar" is too high from the outset. Plaintiff has further failed to provide any contemporaneous billing records as support for the requested fees and sufficient evidence or argument to justify an upward enhancement from the lodestar.

## ARGUMENT AND AUTHORITIES

**A.      PLAINTIFF'S MOTION IS PREMATURE.**

As a preliminary matter, Plaintiff's Motion is premature because there is not yet a final judgment.   Additionally, Defendants have filed Motions for Judgment Notwithstanding the Verdict that will need to be decided before the Court enters a final judgment.   As a result, the deadlines in Rule 54(d) have not yet been triggered and this motion should be abated until the Court decides Defendants' motions and renders a final judgment.

**B.      PLAINTIFF HAS NOT PROVIDED SUFFICIENT SUPPORT FOR THE FEES REQUESTED.**

Courts apply a two-step method for determining a reasonable fee award.  *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391 (5th Cir. 2016).  First, they calculate the lodestar, which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.  *Id*. at 392.  In calculating the lodestar, the court should exclude all time that is excessive, duplicative or inadequately documented.  *Id*.

Second, the Court should consider whether to decrease or enhance the lodestar based on the *Johnson* factors.  *Id*.  The Court must provide a reasonably specific explanation for all aspects of a fee determination.  *Id*.  Additionally, the documentation supporting a factual finding regarding the amount of attorneys' fees must be sufficient for the Court to verify the applicant has met its burden of establishing an entitlement to a specific award.  *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010).  As further described herein, Plaintiff has not provided sufficient evidence to support the requested hourly rate, the substantial increase from the prevailing market rate or the number of hours.

## C.     PLAINTIFF HAS NOT PROVIDED CONTEMPORANEOUS TIME RECORDS.

Western District of Texas Local Rule CV-54(b)(2) requires any motion for attorneys' fees to include a supporting document "organized chronologically by activity or project, listing attorney name, date and hours expended on the particular activity or project." *See* Loc. R. W.D. Tex. CV-54(b)(2). Plaintiff's Motion attaches a short spreadsheet purporting to catalogue time from September 2018 to July 2021. *See* Plaintiff's Motion, Dkt. 65-2. This is not sufficient under the Fifth Circuit Standard.

The time entries are not based on any contemporaneous records and are mere "summaries" that do not reflect all of the contemporaneous hours billed. Defendants requested such contemporaneous records be produced in discovery, but Plaintiff refused to produce any. Therefore, Defendants have no way of evaluating whether the summary provided by Plaintiff is accurate based on contemporaneous records. The Court is thus being asked to accept such summary at face value without the benefit of any contemporaneous documentation of the hours worked or billed. It is clear that these records are not the complete contemporaneous time records but are at best merely abstracts, which is inadequate to meet applicant's burden of proof. *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017); *see also Von Clark v. Butler*, 916 F.2d 255, 259 – 60 (5th Cir. 1990) (decreasing an award to 112.5 hours versus the 291 hours requested based on inadequate documentation to meet applicant's burden of proof). Given the inadequacy of Plaintiff's time records, this Court should reduce the requested number of hours accordingly.

D.      THE REQUESTED HOURLY RATE IS NOT REASONABLE.

Plaintiff's Motion seeks an hourly rate of $650/hour.  The burden is on Plaintiff to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.  *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011).  The relevant market for purposes of determining the rate to be paid is the community in which the district court sits.  *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citing *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998)).  Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there.  *Id.*

Plaintiff's counsel did not offer any affidavits regarding the prevailing rate in the community for services by similarly situated lawyers and for similarly situated cases.  Instead, he relies upon his own assertion that $650 is a reasonable rate.  Importantly, Plaintiff failed to submit any evidence or cite to any case where a $650 hourly rate was awarded to an attorney in a First Amendment retaliation case in this district.  Defendants' counsel's research on that issue found that board certified employment lawyers have been awarded fees ranging from $325 to $450 in the Midland Division, which is at least $200 less than the award Plaintiff seeks in this proceeding.  *See* Chart of Attorneys' Fee Rate Rulings filed in Cause No. 3:17-CV-00264-DCG, attached hereto as Exhibit B.  Of the 167 cases represented on this chart, the average fee award for all districts and divisions is $438 which is $212 or 32% lower than the award Plaintiff seeks in this case.  The average fee award for the Western District is $294 or 45% lower than the award

Plaintiff seeks in this case.  Notably, many of the awards from larger divisions, such as Dallas and Houston, are lower than the requested $650/hour.

Additionally, a $650 hourly rate is higher than Plaintiff's counsel himself has requested and been awarded by other federal courts, including awards from larger geographic areas.  *See* Declaration of John A. Wenke, attached to Plaintiff's Motion, Dkt. 65-1 (noting he received an hourly rate of $450 per hour from the El Paso division in 2009); *see also* Motion for Attorney Fees in Cause No. 3-04-CV-00219, attached hereto as Exhibit C (request for fees between $200 to $350/ hour for an HCHRA case from El Paso); *see also* Motion for Attorney Fees in Cause No. 3-08-CV-00112, attached hereto as Exhibit D (request for fees between $250 to $400/hour and award of $300/hour for a retaliation and discrimination case from El Paso).

### E.  PLAINTIFF SEEKS AN ENHANCEMENT WITHOUT PROVIDING JUSTIFICATION UNDER THE *JOHNSON* FACTORS.

Plaintiff's Motion specifically states that Plaintiff is not requesting an enhancement in excess of the lodestar.  *See* Motion, p. 3.  Yet, Plaintiff's Motion simultaneously acknowledges that "[b]oth of Plaintiff's attorneys typically bill at the hourly rate of $350 per hour when they perform work on an hourly-fee basis."  *See id*., p. 6.  Accordingly, in seeking an hourly rate in this case of $650/hour, Plaintiff is unquestionably seeking an enhancement.

Under the two-step analysis promulgated by the Fifth Circuit, a lodestar is first calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.  *See Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016). There is a strong presumption that the lodestar figure is reasonable.  *See id*.  Plaintiff has not attached any evidence to the Motion to support a lodestar of $650 per hour.  Based on the information asserted herein and attached hereto, Defendants contend the appropriate hourly rate

in the community should be between $175 and $300 per hour.  This fee comports with the average award from the Western District based on the evidence Defendants provide with this response as well as the declaration of Defendants' counsel who has practiced in West Texas for his entire career and has 25 years of experience prosecuting and defending similar cases.  *See* Declaration of Jon Mark Hogg, attached hereto as Exhibit A.

After calculating the lodestar, a district court may decrease or enhance the amount of attorneys' fees based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  488 F.2d 714, 717 – 19 (5th Cir. 1974).  The only evidence Plaintiff provides of any of the lodestar factors are brief statements in the affidavit of Plaintiff's counsel attached to the Motion that the work was "reasonable and necessary" and he was precluded from other cases due to acceptance of the case.  Plaintiff's counsel states he is handling this case on a contingency fee but has not attached a copy of that agreement to his application and refused to produce it during discovery.  Therefore, we do not know the terms of that agreement, whether it was mixed or straight contingent, how costs were handled or what the contingent percentage of recovery was.  Neither Plaintiff's Motion nor

Plaintiff's counsel's affidavit provides any evidence to support the assertion that an upward adjustment should be permitted because the fee award requested is comparable to that awarded in similar cases in the community, the undesirability of the case, the customary fee for similar work in the community or several of the other *Johnson* factors.  Because Plaintiff has neither requested an enhancement nor established she is entitled to one, this Court should not award any enhancement based on the *Johnson* factors.

## CONCLUSION

WHEREFORE, Defendants request this Court to abate Plaintiff's Motion until the Court rules on Defendants' Motions for Judgment Notwithstanding the Verdict and render final judgment in this dispute.  In the alternative, Defendants request the amount of attorneys' fees sought in Plaintiff's Motion be modified to reflect the lodestar amount that is reasonable for this jurisdiction and type of proceeding and for such other relief to which Defendants are entitled.

Respectfully submitted,

JACKSON WALKER L.L.P.
136 W. Twohig Ave., Suite B
San Angelo, Texas  76903
(325) 481-2560
(325) 481-2585 - Facsimile

By: /s/ Jon Mark Hogg
    Jon Mark Hogg
    State Bar No. 00784286
    jmhogg@jw.com
    Amanda N. Crouch
    State Bar No. 24077401
    acrouch@jw.com

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

  This is to certify that on the 24th day of August, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of such filing to all attorneys of record on file.

           /s/ Jon Mark Hogg          
           Jon Mark Hogg

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| MARY CATHERINE "KATIE" SANCHEZ, | § § § § | |
| Plaintiff, | | |
| v. | § § | NO. 4:19-CV-00037 |
| PRESIDIO COUNTY, TEXAS and FRANCES GARCIA in her individual capacity, | § § § § § | |
| Defendants | § | |

## DECLARATION OF JON MARK HOGG

1.      My name is Jon Mark Hogg. I am over 18 years of age, of sound mind, and capable of making this declaration. The facts stated within this declaration are within my personal knowledge and are true and correct.

2.      I am an attorney licensed to practice in the State of Texas. I am a partner in the law firm of Jackson Walker L.L.P. and I represent Defendants Presidio County, Texas and Frances Garcia ("Defendants") in the above-referenced proceeding. I acquired personal knowledge of the facts set forth in this Declaration in that capacity.

3.      I am a partner in the law firm of Jackson Walker L.L.P. I am an attorney licensed to practice law in the State of Texas, and have been continuously licensed since November 6, 1992. I am authorized to practice law in all courts of the State of Texas. I am also licensed to practice before the United States Supreme Court, the U.S. Fifth Circuit Court of Appeals, and in the U.S. District Courts for the Northern and Western Districts of Texas.

4.      I practice in the San Angelo office of Jackson Walker L.L.P. where I have been employed since November 1996. Prior to that time I was employed at the law firm of Ratliff & Edwards in San Angelo, Texas. I have been practicing as an attorney in Tom Green County and the surrounding counties, including Reeves County, for my entire legal career. During that time, I have handled numerous bench and jury trials in the West Texas area, including Reeves County. In addition, I have handled numerous employment law, personal injury and business litigation cases in West Texas. I have also handled a number of appeals in civil cases to the court of appeals and the Supreme Court of Texas. I am board certified in Labor and Employment Law by the Texas Board of Legal Specialization.

5.      Based on my 25 years of practice in West Texas, I am familiar with the fair, reasonable, usual and customary fees charged by attorneys in West Texas, including Reeves County, for matters such as the instant lawsuit. The range of fees that I charge in similar cases is from $175 to $300 per hour. This is a reasonable hourly rate for this type of matter in West Texas, including Reeves County.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 24, 2021.

_____
Jon Mark Hogg

# EXHIBIT B

# EXHIBIT 3

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| **NORTH TEXAS** | | | | | |
| $949.54 | $750 | 1985 | Charla Aldous  | 07/27/10 | *Nassar v. University of Texas Southwestern Medical Center*, No. 3:09-CV-1337 [Doc. 160] (N.D. Tex. Dallas) (Judge Jane Boyle), *reversed on other grounds*. |
| $823.42 | $685 | 1972 | Hal Gillespie  | 03/02/12 | *Rush Truck Centers of Texas, L.P. v. Fitzgerald*, No. DC-09-15958-D (95th District Court for Dallas County, Texas) (Judge Ken Molberg) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $801.36 | $685 | 1972 | Hal Gillespie  | 12/27/13 | *Miller v. Raytheon Co.*, No. 3:09-cv-440-O [Doc. 226] (N.D. Tex. Dallas) (Judge Reed O'Connor) |
| $797.21 | $650 | 1991 | Joel Fineberg | 08/04/11 | *Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F [Doc. 201] (N.D. Tex. Dallas) (Judge Royal Furgeson) |
| $789.20 | $700 | 1979 | Russell W. Budd  | 05/08/15 | *Olibas v. Native Oilfield Servs., LLC*, No. 3:11-cv-2388-B [Doc. 302] (N.D. Tex. Dallas) (Judge Jane Boyle) |
| $763.43 | $700 | 1979 | Russell W. Budd  | 12/08/16 | *Aguayo v. Bassem Odeh, Inc.*, No. 3:13-cv-2951-B [Doc. 146] (N.D. Tex. Dallas) (Judge Jane Boyle) |

*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $732.11 | $725 | 1986 | Brian Sanford  | 11/15/18 | *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (Judge Mark Greenberg) (read into record at trial on fees) |
| $732.38 | $685 | 1986 | Brian Sanford  | 05/30/17 | *Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th District Court for Dallas County, Texas) (Judge Ken Molberg) |
| $735.89 | $600 | 2000 | Stuart Cochran  | 08/04/11 | *Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F [Doc. 201] (N.D. Tex. Dallas) (Judge Royal Furgeson) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $732.83 | $650 | 1986 | Brian Sanford  | 12/28/15 | *Kostić v. Texas A&M Univ. – Commerce*, No. 3:10-cv-02265-M [Doc. 281] (N.D. Tex. Dallas) (Judge Barbara M.G. Lynn) |
| $687.21 | $600 | 1995 | Matthew R. Scott  | 01/16/14 | *Green v. Dallas County Schools*, No. DC-12-09857 (162nd District Court for Dallas County, Texas) (Judge Phyllis Lister Brown) |
| $633.03 | $500 | 2001 | Brian P. Lauten  | 07/27/10 | *Nassar v. University of Texas Southwestern Medical Center*, No. 3:09-CV-1337 [Doc. 160] (N.D. Tex. Dallas) (Judge Jane Boyle), *reversed on other grounds*. |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $613.24 | $500 | 1993 | Richard E. Norman  | 08/04/11 | *Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F [Doc. 201] (N.D. Tex. Dallas) (Judge Royal Furgeson) |
| $579.09 | $495 | 1995 | J. Derek Braziel  | 02/28/13 | *Owens v. Marstek, LLC*, No. 3:11-cv-01435-B [Doc. 26] (N.D. Tex. Dallas) (Judge Jane Boyle) (adopting fees requested in Doc. 24) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $573.30 | $508.50 | 2002 | Karen C. Denney  | 06/16/15 | *Garofalo v. Taco Bueno, LP*, No. 3:14-cv-02616-M-BH [Doc. 49] (N.D. Tex. Dallas) (Magistrate Judge Irma Carrillo Ramirez) |
| $566.95 | $495 | 1995 | J. Derek Braziel  | 02/20/14 | *Farasat v. RP Managing Partners, LLC*, No. 3:13-cv-00270-L [Doc. 46] (N.D. Tex. Dallas) (Magistrate Judge David L. Horan) |
| $558.08 | $495 | 1992 | Robert E. McKnight  | 12/28/15 | *Kostić v. Texas A&M Univ. – Commerce*, No. 3:10-cv-02265-M [Doc. 281] (N.D. Tex. Dallas) (Judge Barbara M.G. Lynn) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $544.04 | $475 | 1999 | Charles Branham  | 04/09/14 | *Parker v. ABC Debt Relief, Ltd.*, No. 3:10-CV-01332-P-BN [Doc. 241] (N.D. Tex. Dallas) (Judge Jorge Solis) |
| $544.04 | $475 | 1994 | Jeffrey Goldfarb  | 04/09/14 | *Parker v. ABC Debt Relief, Ltd.*, No. 3:10-CV-01332-P-BN [Doc. 241] (N.D. Tex. Dallas) (Judge Jorge Solis) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $540.93 | $450 | 2002 | Joe Gillespie  | 08/24/12 | *Black v. Settlepou, P.C.*, No. 3:10-CV-1418-K [Doc. 133] (N.D. Tex. Dallas) (Judge Ed Kinkeade) |
| $539.85 | $495 | 1993 | Robert Lee  | 06/14/16 | *Calahan v. BMJ Food Corporation d/b/a Church's Chicken*, No. 4:15-CV-00251-O [Doc. 29] (N.D. Tex. Fort Worth) (Judge Reed O'Connor) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $521.29 | $495 | 1996 | David L. Wiley  | 05/30/17 | *Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th District Court for Dallas County, Texas) (Judge Ken Molberg) |
| $521.29 | $495 | 1995 | Amy E. Gibson  | 05/30/17 | *Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th District Court for Dallas County, Texas) (Judge Ken Molberg) |
| $521.29 | $495 | 1992 | Robert E. McKnight  | 05/30/17 | *Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th District Court for Dallas County, Texas) (Judge Ken Molberg) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $507.34 | $450 | 1998 | Barry S. Hersh  | 12/28/15 | *Kostić v. Texas A&M Univ. – Commerce*, No. 3:10-cv-02265-M [Doc. 281] (N.D. Tex. Dallas) (Judge Barbara M.G. Lynn) |
| $507.34 | $450 | 1995 | Amy E. Gibson  | 12/28/15 | *Kostić v. Texas A&M Univ. – Commerce*, No. 3:10-cv-02265-M [Doc. 281] (N.D. Tex. Dallas) (Judge Barbara M.G. Lynn) |
| $507.34 | $450 | 1993 | Robert Lee  | 04/27/15 | *Ramirez v. NTD Group, Inc.*, No. DC-14-03809 (14th Judicial District Court for Dallas County, Texas) (Judge Eric Moye) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $506.42 | $400 | 2004 | Brent R. Walker | 07/27/10 | *Nassar v. University of Texas Southwestern Medical Center*, No. 3:09-CV-1337 [Doc. 160] (N.D. Tex. Dallas) (Judge Jane Boyle), *reversed on other grounds*. |
| $500.00 | $500 | 1996 | David L. Wiley | 12/13/19 | *Chad Carter v. City of Abilene, Texas*, No. 10138-D (350th Judicial District Court for Taylor County, Texas) (jury verdict) |
| $500.00 | $500 | 1995 | Amy E. Gibson | 12/13/19 | *Chad Carter v. City of Abilene, Texas*, No. 10138-D (350th Judicial District Court for Taylor County, Texas) (jury verdict) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $499.85 | $495 | 1996 | David L. Wiley  | 11/15/18 | *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (Judge Mark Greenberg) (read into record at trial on fees) (court then applied a 1.5 multiplier to this rate) |
| $499.85 | $495 | 1995 | Amy E. Gibson  | 11/15/18 | *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (Judge Mark Greenberg) (read into record at trial on fees) (court then applied a 1.5 multiplier to this rate) |
| $494.96 | $470 | 1996 | Howard Steele  | 03/08/17 | *Pereyra v. Navika Capital Group LLC*, No. 4:15-CV-00615-O [Doc. 83] (N.D. Tex. Fort Worth) (Judge Reed O'Connor) |

* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $492.68 | $437 | 1997 | Peter A. Milianti  | 12/23/15 | *McAfee v. Schneider Nat'l Carriers, Inc.*, No. 3:14-cv-1500-P [Doc. 52] (N.D. Tex. Dallas) (Magistrate Judge David Horan) |
| $490.78 | $450 | 2000 | Danielle Mathews  | 06/21/16 | *Areizaga v. ADW Corp.*, No. 3:14-CV2899-B [Doc. 130] (N.D. Tex. Dallas) (Magistrate Judge David L. Horan) |
| $466.75 | $414 | 2010 | Arrissa Meyer  | 06/16/15 | *Garofalo v. Taco Bueno, LP*, No. 3:14-cv-02616-M-BH [Doc. 49] (N.D. Tex. Dallas) (Magistrate Judge Irma Carrillo Ramirez) |

*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $450.00 | $450 | 2008 | Ashley Tremain | 06/27/19 | *Gardner v. Apple Texas Restaurants, Inc.*, AAA Case No. 01-17-0001-6323 (American Arbitration Association Employment Arbitration Tribunal in Dallas, Texas) (Arbitrator Karen Fitzgerald) |
| $450.00 | $450 | 2006 | Carmen Artaza | 06/27/19 | *Gardner v. Apple Texas Restaurants, Inc.*, AAA Case No. 01-17-0001-6323 (American Arbitration Association Employment Arbitration Tribunal in Dallas, Texas) (Arbitrator Karen Fitzgerald) |
| $450.00 | $450 | 2005 | Christine Hopkins | 06/27/19 | *Gardner v. Apple Texas Restaurants, Inc.*, AAA Case No. 01-17-0001-6323 (American Arbitration Association Employment Arbitration Tribunal in Dallas, Texas) (Arbitrator Karen Fitzgerald) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $450.97 | $400 | 1997 | Allen Vaught  | 05/08/15 | *Olibas v. Native Oilfield Servs., LLC*, No. 3:11-cv-2388-B [Doc. 302] (N.D. Tex. Dallas) (Judge Jane Boyle) |
| $450.97 | $400 | 1993 | Douglas Welmaker  | 12/03/15 | *Mauricio v. Phillip Gaylen, P.C.*, No. 3:14-cv-00064-L [Doc. 41] (N.D. Tex. Dallas) (Magistrate Judge Irma Ramirez), *report and recommendation adopted in* [Doc. 44], 2016 WL 1273337, 2016 Wage & Hour Cas.2d (BNA) 99,007 (N.D. Tex. Mar. 30, 2016) (Judge Sam A. Lindsay) |
| $450.97 | $400 | 1993 | Douglas Welmaker  | 11/23/15 | *Henderson v. Fenwick Protection Inc.*, No. 3:14-cv-00505 [Doc. 56] (N.D. Tex. Dallas) (Magistrate Judge David L. Horan) *report and recommendation adopted in* [Doc. 58] (N.D. Tex. Dec. 28, 2015) (Judge Barbara M.G. Lynn) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $450.97 | $400 | 1993 | Douglas Welmaker  | 02/11/15 | *Robinson v. Nexion Health at Terrell, Inc.*, No. 3:12-cv-03853-L-BK [Doc. 56] (N.D. Tex. Dallas) (Magistrate Judge Renee Harris Toliver), report and recommendation rejected on other grounds [Doc. 57] |
| $450.97 | $400 | 1992 | David Langenfeld  | 12/03/15 | *Mauricio v. Phillip Gaylen, P.C.*, No. 3:14-cv-00064-L [Doc. 41] (N.D. Tex. Dallas) (Magistrate Judge Irma Ramirez) |
| $438.70 | $375 | 2005 | James D. Sanford  | 12/27/13 | *Miller v. Raytheon Co.*, No. 3:09-cv-440-O [Doc. 226] (N.D. Tex. Dallas) (Judge Reed O'Connor) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $432.75 | $360 | 2003 | M. Jeanette Fedele | 03/02/12 | *Rush Truck Centers of Texas, L.P. v. Fitzgerald*, No. DC-09-15958-D (95th District Court for Dallas County, Texas) (Judge Ken Molberg) |
| $403.92 | $400 | 2011 | David Norris  | 11/15/18 | *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (Judge Mark Greenberg) (read into record at trial on fees) |
| $400.87 | $350 | 2009 | Corinna Chandler  | 04/09/14 | *Parker v. ABC Debt Relief, Ltd.*, No. 3:10-CV-01332-P-BN [Doc. 241] (N.D. Tex. Dallas) (Judge Jorge Solis) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $400.87 | $350 | 2009 | Todd Goldberg  | 04/09/14 | *Parker v. ABC Debt Relief, Ltd.*, No. 3:10-CV-01332-P-BN [Doc. 241] (N.D. Tex. Dallas) (Judge Jorge Solis) |
| $400.87 | $350 | 2006 | Jamie J. McKey  | 01/16/14 | *Green v. Dallas County Schools*, No. DC-12-09857 (162nd District Court for Dallas County, Texas) (Judge Phyllis Lister Brown) |
| $400.87 | $350 | 2006 | Carmen Artaza  | 10/16/14 | *Jones v. Brentwood Healthcare, Ltd.*, No. DC-13-02573 (134th District Court for Dallas County, Texas) (Judge Dale Tillery) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $368.59 | $350 | 2011 | David Norris  | 05/30/17 | *Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th District Court for Dallas County, Texas) (Judge Ken Molberg) |
| $321.73 | $295 | 2012 | Megan Dixon  | 06/14/16 | *Calahan v. BMJ Food Corporation d/b/a Church's Chicken*, No. 4:15-CV-00251-O [Doc. 29] (N.D. Tex. Fort Worth) (Judge Reed O'Connor) |
| $321.73 | $295 | 2011 | Melinda Arbuckle  | 12/08/16 | *Aguayo v. Bassem Odeh, Inc.*, No. 3:13-cv-2951-B [Doc. 146] (N.D. Tex. Dallas) (Judge Jane Boyle) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $310.83 | $285 | 2011 | Ryan Toomey  | 12/08/16 | *Aguayo v. Bassem Odeh, Inc.*, No. 3:13-cv-2951-B [Doc. 146] (N.D. Tex. Dallas) (Judge Jane Boyle) |
| $299.92 | $275 | 2013 | Jordan Campbell  | 06/21/16 | *Areizaga v. ADW Corp.*, No. 3:14-CV2899-B [Doc. 130] (N.D. Tex. Dallas) (Magistrate Judge David L. Horan) |
| $281.86 | $250 | 2013 | Benjamin Michael  | 11/23/15 | *Henderson v. Fenwick Protection Inc.*, No. 3:14-cv-00505 [Doc. 56] (N.D. Tex. Dallas) (Magistrate Judge David L. Horan) *report and recommendation adopted in* [Doc. 58] (N.D. Tex. Dec. 28, 2015) (Judge Barbara M.G. Lynn) |

* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $281.86 | $250 | 2012 | Megan Dixon  | 04/27/15 | *Ramirez v. NTD Group, Inc.*, No. DC-14-03809 (14th Judicial District Court for Dallas County, Texas) (Judge Eric Moye) |
| $281.86 | $250 | 2011 | Michael L. Parsons | 12/03/15 | *Mauricio v. Phillip Gaylen, P.C.*, No. 3:14-cv-00064-L [Doc. 41] (N.D. Tex. Dallas) (Magistrate Judge Irma Ramirez) |
| $281.86 | $250 | 2011 | David Norris  | 12/28/15 | *Kostić v. Texas A&M Univ. – Commerce*, No. 3:10-cv-02265-M [Doc. 281] (N.D. Tex. Dallas) (Judge Barbara M.G. Lynn) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $272.65 | $250 | 2015 | Barrett Robin  | 06/21/16 | *Areizaga v. ADW Corp.*, No. 3:14-CV2899-B [Doc. 130] (N.D. Tex. Dallas) (Magistrate Judge David L. Horan) |
| $263.28 | $250 | 2015 | Matt Amos  | 03/08/17 | *Pereyra v. Navika Capital Group LLC*, No. 4:15-CV-00615-O [Doc. 83] (N.D. Tex. Fort Worth) (Judge Reed O'Connor) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $252.45 | $250 | 2017 | Jennifer Birdsall  | 11/15/18 | *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (Judge Mark Greenberg) (read into record at trial on fees) |
| $239.94 | $220 | 2014 | Hannah L. Penley  | 06/21/16 | *Ogoke v. Globe Energy*, No. 2:15-cv-00358J-BB [Doc. 30] (N.D. Tex. Amarillo) (Magistrate Judge Clinton E. Averitte) (adopting fees requested in Doc. 25). |
| **SOUTH TEXAS** | | | | | |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $991.71 | $825 | 1972 | Hal Gillespie  | 09/10/12 | *Evans et al. v. Sterling Chems., Inc.,* No. 4:07-cv-0625 [Doc. 236] (S.D. Tex. Houston) (Judge Kenneth Hoyt) (adopting rate requested in Doc. 234) |
| $958.33 | $910 | 1979 | Joseph M. Sellers  | 11/30/17 | *Adhikari v. Daoud & Partners*, No. 4:09-CV-1237 [Doc. 764] (S.D. Tex. Houston) (Judge Keith P. Ellison) |
| $795.00 | $795 | 1994 | Shauna Clark  | 06/26/19 | *Gonzales v. ConocoPhillips Co.*, No. 4:17-cv-2374 [Doc. 108] (S.D. Tex. Houston) (Judge Kenneth M. Hoyt) (ruling fee requested in Doc. 94 reasonable) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $831.95 | $790 | 1991 | Christine Webber  | 11/30/17 | *Adhikari v. Daoud & Partners*, No. 4:09-CV-1237 [Doc. 764] (S.D. Tex. Houston) (Judge Keith P. Ellison) |
| $817.96 | $750 | 1982 | John H. McDowell  | 10/24/16 | *Langley v. Howard Hughes Mgmt. Co., Inc.*, Civil Action No. H-13-3595 [Doc. 28] (S.D. Tex. Houston) (Judge Lynn N. Hughes) (adopting rate requested in Doc. 22) *reversed on other grounds* in *Langley v. Howard Hughes Mgmt. Co., L.L.C.*, No. 16-20724 (5th Cir. June 1, 2017) |
| $784.56 | $745 | 2000 | Martina Vandenberg  | 11/30/17 | *Adhikari v. Daoud & Partners*, No. 4:09-CV-1237 [Doc. 764] (S.D. Tex. Houston) (Judge Keith P. Ellison) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $784.56 | $745 | 1996 | Agnieszka Fryszman  | 11/30/17 | *Adhikari v. Daoud & Partners*, No. 4:09-CV-1237 [Doc. 764] (S.D. Tex. Houston) (Judge Keith P. Ellison) |
| $640.00 | $640 | 2004 | Fazila Issa  | 06/26/19 | *Gonzales v. ConocoPhillips Co.*, No. 4:17-cv-2374 [Doc. 108] (S.D. Tex. Houston) (Judge Kenneth M. Hoyt) (ruling fee requested in Doc. 94 reasonable) |
| $721.24 | $600 | 1994 | R. Martin Weber  | 09/10/12 | *Evans et al. v. Sterling Chems., Inc.,* No. 4:07-cv-0625 [Doc. 236] (S.D. Tex. Houston) (Judge Kenneth Hoyt) (adopting rate requested in Doc. 234) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $700.78 | $500 | 1994 | Oswald Cousins  | 11/28/07 | *Worrell v. GreatSchools, Inc.*, No. 4:07-cv-01100 [Doc. 17] (S.D. Tex. Houston) (Judge Ewing Werlein) *affirmed* No. 08-20012 (5th Cir. July 16, 2008) |
| $687.09 | $630 | 2001 | Matthew G. Nielsen  | 10/24/16 | *Langley v. Howard Hughes Mgmt. Co., Inc.*, Civil Action No. H-13-3595 [Doc. 28] (S.D. Tex. Houston) (Judge Lynn N. Hughes) (adopting rate requested in Doc. 22) *reversed on other grounds* in *Langley v. Howard Hughes Mgmt. Co., L.L.C.*, No. 16-20724 (5th Cir. June 1, 2017) |
| $629.95 | $550 | 1994 | Rhonda Wills  | 04/04/14 | *In re Wells Fargo Wage & Hour Employment Practices Litigation*, No. 4:11-md-02266 [Doc. 239] (S.D. Tex. Houston) (Judge Gray Miller) (adopting rate requested in Docs. 233 & 233-4) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $616.20 | $565 | 1997 | Rex Burch  | 10/11/16 | *St. John v. Nesco Service Co.*, No. 15-cv-00253 [Doc. 68] (S.D. Tex. Houston) (Judge Alfred H. Bennett) (adopting rate requested in Doc. 63) |
| $600.00 | $600 | 2008 | Zenobia Bivens  | 09/13/19 | *Miniex v. Houston Housing Auth.*, Civil Action No. 4:17-0624 [Doc. 277] (S.D. Tex. Houston) (Judge Nancy Atlas) |
| $588.93 | $540 | 2003 | J. Marshall Horton  | 10/24/16 | *Langley v. Howard Hughes Mgmt. Co., Inc.*, Civil Action No. H-13-3595 [Doc. 28] (S.D. Tex. Houston) (Judge Lynn N. Hughes) (adopting rate requested in Doc. 22) *reversed on other grounds* in *Langley v. Howard Hughes Mgmt. Co., L.L.C.*, No. 16-20724 (5th Cir. June 1, 2017) |

*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $584.94 | $500 | 2004 | Kate David  | 11/20/13 | *Culbertson v. Lykos*, Civil Action No. 4:12-cv-03644 [Doc. 69] (S.D. Tex. Houston) (Judge Lynn Hughes) (granting rate requested in Doc. 45), *reversed on other grounds* 790 F.3d 608 (5th Cir. 2015) |
| $569.72 | $450 | 1994 | Laura L. Ho  | 01/13/10 | *Roussell v. Brinker Int'l, Inc.*, No. 4:05-cv-03733 [Doc. 373] (S.D. Tex. Houston) (Judge Keith Ellison) *affirmed* No. 09-20561 (5th Cir. Sept. 15, 2011) |
| $558.08 | $495 | 1995 | J. Derek Braziel  | 10/21/15 | *Gingrass v. TMG (The Moore Group, Inc.*, No. 4:15-cv-00837 [Doc. 18] (S.D. Tex. Houston) (Judge David Hittner) (adopting rate requested in Doc. 13) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $551.91 | $450 | 1993 | Martin Shellist  | 12/02/11 | *Dixon v. Texas Southern Univ.*, No. 4:10-cv-01045 [Doc. 102] (S.D. Tex. Houston) (Judge David Hittner) |
| $544.09 | $475 | 1997 | Anthony Wills  | 04/04/14 | *In re Wells Fargo Wage & Hour Employment Practices Litigation*, No. 4:11-md-02266 [Doc. 239] (S.D. Tex. Houston) (Judge Gray Miller) (adopting rate requested in Docs. 233 & 233-4) |
| $507.14 | $465 | 2008 | Lauren J. Chapman  | 10/24/16 | *Langley v. Howard Hughes Mgmt. Co., Inc.*, Civil Action No. H-13-3595 [Doc. 28] (S.D. Tex. Houston) (Judge Lynn N. Hughes) (adopting rate requested in Doc. 22) *reversed on other grounds* in *Langley v. Howard Hughes Mgmt. Co., L.L.C.*, No. 16-20724 (5th Cir. June 1, 2017) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $504.90 | $500 | 2006 | Don Foty  | 11/13/18 | *Salazar v. Ensign U.S. Southern Drilling (S.W) Inc.*, Civil Action No. 4:17-cv-00991 [Doc. 153] (S.D. Tex. Houston) (Judge Lee H. Rosenthal) (granting rate requested in Doc. 152) |
| $504.90 | $500 | 1997 | M. Todd Slobin  | 11/21/18 | *Novick v. Shipcom Wireless, Inc.*, No. 4:16-cv-00730 [Doc. 100] (S.D. Tex. Houston) (Magistrate Judge Christina A. Bryan) |
| $504.90 | $500 | 2001 | Taft L. Foley  | 11/13/18 | *Salazar v. Ensign U.S. Southern Drilling (S.W) Inc.*, Civil Action No. 4:17-cv-00991 [Doc. 153] (S.D. Tex. Houston) (Judge Lee H. Rosenthal) (granting rate requested in Doc. 152) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $500.00 | $500 | 2005 | Austin Anderson  | 01/27/20 | *Vela v. M&G USA Corp.*, No. 2:17-cv-13 [Doc. 66] (S.D. Tex. Corpus Christi) (Judge Nelva Gonzales Ramos) |
| $480.83 | $400 | 2007 | Chad Flores  | 09/10/12 | *Evans et al. v. Sterling Chems., Inc.,* No. 4:07-cv-0625 [Doc. 236] (S.D. Tex. Houston) (Judge Kenneth Hoyt) (adopting rate requested in Doc. 234) |
| $473.90 | $450 | 1997 | Charles A. Sturm  | 10/24/17 | *Gurule v. Land Guardian, Inc.*, No. 4:15-cv-03487 [Doc. 73] (S.D. Tex. Houston) (Judge Vanessa D. Gilmore) *affirmed* No. 17-207210 (5th Cir. Dec. 27, 2018) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $473.90 | $450 | 1994 | Mark J. Oberti  | 06/01/17 | *Langley v. Howard Hughes Mgmt. Co., L.L.C.*, No. 16-20724 (5th Cir.) found in *Langley v. Howard Hughes Mgmt. Co., L.L.C.*, No. H-13-3595 [Doc. 38] and adopting rate requested over three years earlier in Doc. 7. |
| $467.95 | $400 | 1994 | Mark J. Oberti  | 07/18/13 | *Robertson v. Williams-Sonoma Stores, Inc.*, No. 4:11-cv-04299 [Doc. 63] (S.D. Tex. Houston) (Judge Vanessa Gilmore) |
| $454.41 | $450 | 2002 | Daryl Sinkule  | 11/21/18 | *Novick v. Shipcom Wireless, Inc.*, No. 4:16-cv-00730 [Doc. 100] (S.D. Tex. Houston) (Magistrate Judge Christina A. Bryan) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $450.00 | $450 | 2012 | Victoria Mery  | 09/13/19 | *Miniex v. Houston Housing Auth.*, Civil Action No. 4:17-0624 [Doc. 277] (S.D. Tex. Houston) (Judge Nancy Atlas) |
| $450.00 | $450 | 2008 | Clif Alexander  | 01/27/20 | *Vela v. M&G USA Corp.*, No. 2:17-cv-13 [Doc. 66] (S.D. Tex. Corpus Christi) (Judge Nelva Gonzales Ramos) |
| $444.55 | $380 | 2007 | Mike Seely  | 11/20/13 | *Culbertson v. Lykos*, Civil Action No. 4:12-cv-03644 [Doc. 69] (S.D. Tex. Houston) (Judge Lynn Hughes) (granting rate requested in Doc. 45), *reversed on other grounds* 790 F.3d 608 (5th Cir. 2015) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $436.25 | $400 | 1993 | Douglas Welmaker  | 02/26/16 | *Willis v. Full Service Const. Inc.*, No. 4:11-cv-1673 [Doc. 76] (S.D. Tex. Houston) (Judge Kenneth Hoyt) (adopting rate requested in Doc. 71) |
| $405.00 | $405 | 2008 | Aaron Johnson  | 09/24/19 | *Chavez v. Shahini Corp.*, No. 4:19-cv-02324 [Doc. 9] (S.D. Tex. Houston) (Judge Nancy F. Atlas) |
| $400.00 | $400 | 2016 | Matt Heller | 06/26/19 | *Gonzales v. ConocoPhillips Co.*, No. 4:17-cv-2374 [Doc. 108] (S.D. Tex. Houston) (Judge Kenneth M. Hoyt) (ruling fee requested in Doc. 94 reasonable) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $400.00 | $400 | 2010 | Lauren Braddy  | 01/27/20 | *Vela v. M&G USA Corp.*, No. 2:17-cv-13 [Doc. 66] (S.D. Tex. Corpus Christi) (Judge Nelva Gonzales Ramos) |
| $394.92 | $375 | 2011 | Allyson Ouoba  | 11/30/17 | *Adhikari v. Daoud & Partners*, No. 4:09-CV-1237 [Doc. 764] (S.D. Tex. Houston) (Judge Keith P. Ellison) |
| $390.00 | $390 | 2009 | Christopher Willett | 09/24/19 | *Chavez v. Shahini Corp.*, No. 4:19-cv-02324 [Doc. 9] (S.D. Tex. Houston) (Judge Nancy F. Atlas) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $353.43 | $350 | 2016 | Ved Chitale  | 11/13/18 | *Salazar v. Ensign U.S. Southern Drilling (S.W) Inc.*, Civil Action No. 4:17-cv-00991 [Doc. 153] (S.D. Tex. Houston) (Judge Lee H. Rosenthal) (granting rate requested in Doc. 152) |
| $345.00 | $345 | 2012 | Caitlin Boehne  | 09/24/19 | *Chavez v. Shahini Corp.*, No. 4:19-cv-02324 [Doc. 9] (S.D. Tex. Houston) (Judge Nancy F. Atlas) |
| $325.00 | $325 | 2015 | Michael Hurta  | 09/13/19 | *Miniex v. Houston Housing Auth.*, Civil Action No. 4:17-0624 [Doc. 277] (S.D. Tex. Houston) (Judge Nancy Atlas) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $354.45 | $325 | 2004 | Scot Clinton  | 10/06/16 | *Thatcher v. Oakbend Medical Center*, No. H-14-3551 [Doc. 71] (S.D. Tex. Houston) (Judge Gray H. Miller) |
| $332.59 | $295 | 2013 | Jay Forester  | 10/21/15 | *Gingrass v. TMG (The Moore Group, Inc.)*, No. 4:15-cv-00837 [Doc. 18] (S.D. Tex. Houston) (Judge David Hittner) (adopting rate requested in Doc. 13) |
| $327.18 | $300 | 2013 | Genevieve Estrada  | 01/26/16 | *Rouse v. Target Corp.*, No. 3:15-cv-48 [Doc. 33] (S.D. Tex. Galveston) (Judge George Hanks) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $314.97 | $275 | 2011 | Liane Noble  | 12/12/14 | *Lotte Chem. Titan (M) Sendirian Berhad v. Wilder*, No. 4:14-cv-01116 [Doc. 20] (S.D. Tex. Houston) (Judge Melinda Harmon) |
| $302.94 | $300 | 2011 | Vijay Pattisapu  | 08/16/18 | *Salas v. Warrior Energy Servs. Corp.*, No. 2:15-cv-00374 [Doc. 35] (S.D. Tex. Corpus Christi) (Judge Hilda Tagle) |

* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $300.00 | $300 | 2013 | Dorian Vandenberg-Rodes  | 08/22/19 | *Rebollar v. Ortega Medical Clinic, P.L.L.C.*, No. 4:18-cv-0846 (S.D. Tex. Houston) (Judge Nancy F. Atlas) |
| $272.65 | $250 | 2013 | Benjamin Michael  | 02/26/16 | *Willis v. Full Service Const. Inc.*, No. 4:11-cv-1673 [Doc. 76] (S.D. Tex. Houston) (Judge Kenneth Hoyt) (adopting rate requested in Doc. 71). |

*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $270.00 | $270 | 2017 | Jordyn Rystrom Emmert  | 09/24/19 | *Chavez v. Shahini Corp.*, No. 4:19-cv-02324 [Doc. 9] (S.D. Tex. Houston) (Judge Nancy F. Atlas) |
| **EAST TEXAS** | | | | | |
| $605.88 | $600 | 1998 | Marc Hepworth | 12/20/18 | *Halleen v. Belk, Inc.*, No. 4:16-cv-55 [Doc. 177] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 174-1) |
| $605.88 | $600 | 1994 | Gregg Shavitz  | 12/20/18 | *Halleen v. Belk, Inc.*, No. 4:16-cv-55 [Doc. 177] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 174-1) |

* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $605.88 | $600 | 1991 | David Roth  | 12/20/18 | *Halleen v. Belk, Inc.*, No. 4:16-cv-55 [Doc. 177] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 174-1) |
| $605.88 | $600 | 1990 | Charles Gershbaum  | 12/20/18 | *Halleen v. Belk, Inc.*, No. 4:16-cv-55 [Doc. 177] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 174-1) |
| $555.39 | $550 | 1995 | Alan Quiles  | 12/20/18 | *Halleen v. Belk, Inc.*, No. 4:16-cv-55 [Doc. 177] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 174-1) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $555.39 | $550 | 1991 | Christine Duignan  | 12/20/18 | *Halleen v. Belk, Inc.*, No. 4:16-cv-55 [Doc. 177] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 174-1) |
| $535.53 | $475 | 1999 | Charles Branham  | 08/11/15 | *Grimm v. Moore, et al.*, No. 4:14-CV-329 [Doc. 34] (E.D. Tex. Sherman) (Judge Amos Mazzant) |

*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $525.10 | $520 | 2003 | Camar Jones  | 12/20/18 | *Halleen v. Belk, Inc.*, No. 4:16-cv-55 [Doc. 177] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 174-1) |
| $504.90 | $500 | 2010 | Paolo Meireles  | 12/20/18 | *Halleen v. Belk, Inc.*, No. 4:16-cv-55 [Doc. 177] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 174-1) |
| $504.90 | $500 | 1983 | Timothy B. Garrigan  | 02/20/18 | *Fisher v. Lufkin Indus., Inc.*, No. 2:12-CV-423 [Doc. 127] (E.D. Tex. Marshall) (Magistrate Judge Roy S. Payne) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $499.85 | $495 | 1993 | Robert Lee | 04/24/18 | *Cole v. Wilcox, MD PA*, No. 4:17-CV-00367 [Doc. 18] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 16) |
| $490.78 | $450 | 1994 | Charles M. Vethan | 10/13/16 | *Vassallo v. Goodman Networks, Inc.*, No. 4:15-CV-97 [Doc. 144] (E.D. Tex. Sherman) (Judge Louis Guirola, Jr.) |
| $490.78 | $450 | 1992 | Joseph L. Lanza | 10/13/16 | *Vassallo v. Goodman Networks, Inc.*, No. 4:15-CV-97 [Doc. 144] (E.D. Tex. Sherman) (Judge Louis Guirola, Jr.) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $469.56 | $465 | 2009 | Rebecca Predovan  | 12/20/18 | *Halleen v. Belk, Inc.*, No. 4:16-cv-55 [Doc. 177] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 174-1) |
| $450.97 | $400 | 1993 | John Werner  | 08/12/15 | *Rivera v. Evergreen Fabrication & Indus. Servs., Inc.*, No 1:14-cv-76 [Doc. 13] (E.D. Tex. Beaumont) (Magistrate Judge Keith F. Giblin) (adopting fees requested in Doc. 9) |
| $436.25 | $400 | 2009 | J. Seth Grove  | 10/13/16 | *Vassallo v. Goodman Networks, Inc.*, No. 4:15-CV-97 [Doc. 144] (E.D. Tex. Sherman) (Judge Louis Guirola, Jr.) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $422.78 | $375 | 2009 | Corinna Chandler  | 08/11/15 | *Grimm v. Moore, et al.*, No. 4:14-CV-329 [Doc. 34] (E.D. Tex. Sherman) (Judge Amos Mazzant) |
| $422.78 | $375 | 1997 | Julia C. Hatcher  | 03/17/15 | *Combs v. City of Huntington, Texas*, No. 9:12-cv-00210 [Doc. 101] (E.D. Tex. Lufkin) (Judge Ron Clark), *vacated and remanded on other grounds* No. 15-40436 (5th Cir. July 15, 2016) |
| $394.60 | $350 | 1996 | Mark Frasher | 08/12/15 | *Rivera v. Evergreen Fabrication & Indus. Servs., Inc.*, No 1:14-cv-76 [Doc. 13] (E.D. Tex. Beaumont) (Magistrate Judge Keith F. Giblin) (adopting fees requested in Doc. 9) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $381.72 | $350 | 2015 | David L. Bergen  | 10/13/16 | *Vassallo v. Goodman Networks, Inc.*, No. 4:15-CV-97 [Doc. 144] (E.D. Tex. Sherman) (Judge Louis Guirola, Jr.) |
| $381.72 | $350 | 2015 | Olivia C. Mallary  | 10/13/16 | *Vassallo v. Goodman Networks, Inc.*, No. 4:15-CV-97 [Doc. 144] (E.D. Tex. Sherman) (Judge Louis Guirola, Jr.) |
| $353.43 | $350 | 2003 | Timothy D. Craig | 02/20/18 | *Fisher v. Lufkin Indus., Inc.*, No. 2:12-CV-423 [Doc. 127] (E.D. Tex. Marshall) (Magistrate Judge Roy S. Payne) |

* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $333.24 | $330 | 2015 | Logan Pardell  | 12/20/18 | *Halleen v. Belk, Inc.*, No. 4:16-cv-55 [Doc. 177] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 174-1) |
| $333.24 | $330 | 2015 | Janine Kapp | 12/20/18 | *Halleen v. Belk, Inc.*, No. 4:16-cv-55 [Doc. 177] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 174-1) |
| $333.24 | $330 | 2014 | Joshua Cittadino  | 12/20/18 | *Halleen v. Belk, Inc.*, No. 4:16-cv-55 [Doc. 177] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 174-1) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $297.89 | $295 | 2012 | Megan Dixon  | 04/24/18 | *Cole v. Wilcox, MD PA*, No. 4:17-CV-00367 [Doc. 18] (E.D. Tex. Sherman) (Judge Amos Mazzant) (adopting fees requested in Doc. 16) |
| **WEST TEXAS** | | | | | |
| $901.56 | $750 | 1979 | Ricardo G. Cedillo  | 04/10/12 | *Barrera v. MTC, Inc.*, No. 5:10-cv-00665 [Doc. 77] (W.D. Tex. San Antonio) (Judge Xavier Rodriguez) (adopting fees requested in Doc. 73). |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $585.00 | $585 | 2011 | Colin Walsh  | 08/23/19 | *Johnson v. Southwest Research Institute*, No. 5:15-cv-00297 [Doc. 176] (W.D. Tex. San Antonio) (Judge Royce C. Lamberth) |
| $479.16 | $425 | 2004 | Rachhana T. Srey  | 11/10/15 | *Clark v. Centene Corp.*, No. 1:12-cv-00174-SS [Doc. 180] (W.D. Tex. Austin) (Judge Sam Sparks) |
| $479.16 | $425 | 1991 | Paul J. Lukas  | 11/10/15 | *Clark v. Centene Corp.*, No. 1:12-cv-00174-SS [Doc. 180] (W.D. Tex. Austin) (Judge Sam Sparks) |

\* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $474.82 | $395 | 1993 | Ramon Bissmeyer  | 04/10/12 | *Barrera v. MTC, Inc.*, No. 5:10-cv-00665 [Doc. 77] (W.D. Tex. San Antonio) (Judge Xavier Rodriguez) (adopting fees requested in Doc. 73). |
| $458.14 | $400 | 1993 | Douglas Welmaker  | 10/08/14 | *Meesook v. Grey Canyon Family Medicine, P.A.*, No. 5:13-cv-729-XR [Doc. 39], 2014 WL 5040133 (W.D. Tex. San Antonio) (Judge Xavier Rodriguez) |
| $436.25 | $400 | 1978 | B. Craig Deats  | 04/29/16 | *Vigil v. City of Austin, Texas*, Cause No. D-1-GN-13-001742 (200th Judicial District Court for Travis County, Texas) (Judge Karin Crump) |

*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $429.17 | $425 | 1993 | Holly B. Williams  | 06/22/18 | *Roberts v. Brinkerhoff Inspection, Inc.*, No. 7:16-cv-00342 [Doc. 86] (W.D. Tex. Midland) (Judge David Counts) (adopting fees requested in Doc. 80) |
| $394.60 | $350 | 1995 | J. Derek Braziel  | 12/08/15 | *Rodriguez v. Mechanical Tech. Servs., Inc.*, No. 1:12-cv-00710 [Doc. 175] (W.D. Tex. Austin) (Judge David Ezra) |
| $394.60 | $350 | 1979 | Oscar H. Villareal | 06/11/15 | *Alonzo-Miranda v. Schlumberger Tech. Corp.*, No. 5:13-cv-01057-RCL [Doc. 172] (W.D. Tex. San Antonio) (Judge Royce Lamberth) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $393.45 | $300 | 1993 | John A. Wenke  | 12/21/09 | *Jackson v. Host Int'l*, No. 3:08-cv-00112 [No. 101] (W.D. Tex. El Paso) (Judge Frank Montalvo) |
| $390.67 | $325 | 1997 | Edmond Moreland  | 05/09/12 | *Ransom v. M. Patel Enters., Inc.*, No. 1:10-cv-00857 [Doc. 194] (W.D. Tex. Austin) (Magistrate Judge Andrew Austin), *reversed on other grounds* 734 F.3d 377 (5th Cir. 2013) |
| $381.72 | $350 | 1996 | Robert Notzon  | 03/15/16 | *Saldivar v. Austin Indep. Sch. Dist.*, No. 14-CA-00117 [Doc. 97 ] (W.D. Tex. Austin) (Judge Sam Sparks) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $380.21 | $325 | 1993 | Holly B. Williams  | 07/09/13 | *Ibarra v. United Parcel Service, Inc.*, No. 7:10-cv-00113 [Doc. 147] (W.D. Tex. Midland) (Judge Harry Hudspeth) |
| $338.23 | $300 | 2006 | Meredith Matthews  | 12/08/15 | *Rodriguez v. Mechanical Tech. Servs., Inc.*, No. 1:12-cv-00710 [Doc. 175] (W.D. Tex. Austin) (Judge David Ezra) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $327.18 | $300 | 2008 | Aaron Johnson  | 06/13/16 | *Mohammadi v. Nwabuisi*, No. 5:12-cv-00042 [Doc. 148] (W.D. Tex. San Antonio) (Judge Robert Pitman) |
| $327.18 | $300 | 2007 | Manuel Quinto-Pozos  | 04/29/16 | *Vigil v. City of Austin, Texas*, Cause No. D-1-GN-13-001742 (200th Judicial District Court for Travis County, Texas) (Judge Karin Crump) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $327.18 | $300 | 2006 | Matt Bachop  | 04/29/16 | *Vigil v. City of Austin, Texas*, Cause No. D-1-GN-13-001742 (200th Judicial District Court for Travis County, Texas) (Judge Karin Crump) |
| $326.95 | $290 | 2008 | Aaron Johnson  | 12/08/15 | *Rodriguez v. Mechanical Tech. Servs., Inc.*, No. 1:12-cv-00710 [Doc. 175] (W.D. Tex. Austin) (Judge David Ezra) |
| $310.04 | $275 | 2009 | Christopher Willett | 12/08/15 | *Rodriguez v. Mechanical Tech. Servs., Inc.*, No. 1:12-cv-00710 [Doc. 175] (W.D. Tex. Austin) (Judge David Ezra) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $310.04 | $275 | 2009 | Alexander Baggio  | 11/10/15 | *Clark v. Centene Corp.*, No. 1:12-cv-00174-SS [Doc. 180] (W.D. Tex. Austin) (Judge Sam Sparks) |
| $305.37 | $280 | 2010 | Philip J. Moss  | 06/13/16 | *Mohammadi v. Nwabuisi*, No. 5:12-cv-00042 [Doc. 148] (W.D. Tex. San Antonio) (Judge Robert Pitman) |

\*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS:  EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| $286.34 | $250 | 2011 | Michael L. Parsons  | 10/08/14 | *Meesook v. Grey Canyon Family Medicine, P.A.*, No. 5:13-cv-729-XR [Doc. 39], 2014 WL 5040133 (W.D. Tex. San Antonio) (Judge Xavier Rodriguez) |
| $253.67 | $225 | 2013 | Jay Forester  | 12/08/15 | *Rodriguez v. Mechanical Tech. Servs., Inc.*, No. 1:12-cv-00710 [Doc. 175] (W.D. Tex. Austin) (Judge David Ezra) |

*  Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics:  https://www.officialdata.org/Legal-services/price-inflation

**ATTORNEYS' FEE RATE RULINGS: EMPLOYMENT CASES IN TEXAS**

| Adjusted* Hourly Rate | Hourly Rate Ruling | JD Year | Attorney | Ruling Date | Case and Judge |
|---|---|---|---|---|---|
| | $300 | 2014 | Jonathan L.R. Baeza  | 04/09/2018 | *Guzman v. Ysleta Independent School District,* Cause No. 2017-cv-1412; 243rd Judicial District Court, El Paso County; Judge Luis Aguilar |
| | $350 | 1997 | Raymond D. Martinez  | 04/09/2018 | *Guzman v. Ysleta Independent School District,* Cause No. 2017-cv-1412; 243rd Judicial District Court, El Paso County; Judge Luis Aguilar |
| | $350 | 1999 | Erin Martinez | 04/09/2018 | *Guzman v. Ysleta Independent School District,* Cause No. 2017-cv-1412; 243rd Judicial District Court, El Paso County; Judge Luis Aguilar |

* Adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2019 using the Consumer Price Index for Legal Services as generated by the United States Bureau for Labor Statistics: https://www.officialdata.org/Legal-services/price-inflation

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2006 AUG 10 AM 11: 34

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

SONJA EDWARDS,              )
                           )
        Plaintiff,         )
                           )
v.                         )        No. EP-04-CA-0219-KC
                           )
AARON RENTS, INC.,         )
                           )
        Defendant.         )

## PLAINTIFF'S APPLICATION FOR ATTORNEY FEES

**TO THE HONORABLE KATHLEEN CARDONE, U.S. DISTRICT JUDGE:**

Comes Now, Plaintiff, and files this her Application for Attorney Fees, and would respectfully

show the Court the following:

I.

The TCHRA provides that the prevailing plaintiff in a suit under the Act may be awarded her

attorney fees. Tex.Lab.Code § 21.259 (Vernon 1996). Plaintiff moves the Court to award attorney

fees in the amount of $125,000, for the reasons specified herein. This application is supported by the

attached affidavit of John A. Wenke.

Because this diversity case is governed by State law, under the *Erie* doctrine, the Court must

look to State standards rather than federal standards to determine a reasonable attorneys' fee under

the Act. *See Mathis Corp. v. Exxon*, 302 F.3d 448, 461 (5th Cir. 2002). The proper methodology

for assessing an attorney fee award under the TCHRA was discussed in *Dillard Dept. Stores v.*

*Gonzalez*, 72 S.W.3d 398, 412-13 (Tex.App.–El Paso 2002, pet. denied). The Court upheld use of

the "lodestar" methodology, under which the trial court

> first determines the number of hours reasonably spent by counsel on the matter, then multiply those hours by an hourly rate the court deems reasonable for similarly complex, non-contingent work. The lodestar figure may then be adjusted for factors known as multipliers, including the complexity of the case, the skill of the attorney, whether the fee is contingent, and the novelty of the issues raised. Formulated another way, the trial court may adjust the lodestar amount to account for factors first listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required; (4) the effect on other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the attorney's relationship with the client; and (12) awards in similar cases. If some of these factors are accounted for in the lodestar amount, they should not be considered when making adjustments.

*Gonzales*, 72 S.W.3d at 412 (internal citations omitted). In this case, a reasonable hourly rate for the work performed in El Paso County by an attorney of Plaintiff counsel's expertise and is between $200.00 to $350.00 per hour, and a reasonable number of hours to expend on the services performed in this matter is 358.9 hours. (See the attached affidavit). These figures yield a "lodestar" of $71,780.00 to $125,616.

Plaintiff requests that the Court adjust the lodestar figure upward based on *Johnson* factors (1), (2), (3), (6), (8), (9), and (12) to award attorney fees of $175,000. Plaintiff would show that these factors justify upward adjustment for the following reasons:

(1) The time and labor required: This case required Plaintiff's counsel to devote substantial time and labor. Plaintiff's counsel, who is a sole practitioner, has been working on this case for over two years. Defendant's pleadings indicate that at least six attorneys from law firms in Atlanta, Georgia; Dallas, Texas; and El Paso, Texas either made appearances and/or worked on this matter.

During voir dire, Defendant had four attorneys present.    The Fifth Circuit has recognized that a vigorous defense can be considered in enhancing a lodestar. *DP Solutions, Inc. v. Rollins*, 353 F.3d 421, 433 (5th Cir. 2003).  Defense counsel, Mr. Maslanka, is a nationally recognized specialist in employment law.   Along with co-counsel Patricia Griffith, Defendant's trial team has nearly half a century of trial experience.   The present case was tried over four days, however the combination of trial preparation and the trial itself effectively shut down Plaintiff's law practice for over two weeks. Plaintiff took no appointments during this time period, turning away several potential clients and cases.

    (2) The novelty and difficulty of the questions:

Pleadings filed in this case, as well as prior arguments of counsel concede the novelty and difficult legal questions involved in this matter.    Plaintiff originally asserted two different legal claims.  Defendant responded with a motion for summary judgment, which Plaintiff survived in part. This case, like most discrimination cases, was void of direct evidence of discrimination, leaving Plaintiff's counsel the difficult task of using circumstantial evidence as the sole tool to convince a jury that an illegal motive existed behind Defendant's conduct.   The difficulty of proving unlawful motive in an employment case has been recognized as a basis for enhancing an attorney fee.  See *Hall v. Savings of America*, S.D.Tex.1994, 859 F.Supp. 1032 (S.D. Tex. 1994), *reversed*, 68 F.3d 470 (5th Cir. 1995) (table), *cert. denied*, 116 S.Ct. 1265, 516 U.S. 1173, 134 L.Ed.2d 213 (1996); and *Borg-Warner Protective Servs. Corp. v. Flores*, 955 S.W.2d 860, 870 (Tex.App.–Corpus Christi 1997, dism'd by agrmt. on reh'g).

    (3) The level of skill required; and (9) The experience, reputation, and ability of the attorneys:

Plaintiff respectfully suggests that an above-average level of skill is required to successfully pursue an employment discrimination claim to a verdict for the employee. Plaintiff's counsel has tried over fifty jury trials with several million dollar plus verdicts. Of the employment case tried, liability has been found in all but two of them (with one of the defense verdicts being reversed and remanded by the El Paso Court of Appeals). In eleven of the cases, the jury returned a verdict in excess of $275,000. Six of the verdicts have been in excess of one million dollars; two of the verdicts have exceeded ten million dollars. In the year 2001, Plaintiff's counsel obtained the largest verdict in the nation in a single-employee employment case.

(6) Whether the fee is fixed or contingent: As noted above, State standards, rather than federal law, govern the reasonableness of an attorneys' fee award in this *Erie* case. *Mathis Corp.*, 302 F.3d at 461. Unlike federal law, Texas law permits the contingent nature of the plaintiff's recovery to be considered as a multiplier in enhancing a lodestar award. *Gonzales*, 72 S.W.3d at 413, *distinguishing City of Burlington v. Dague*, 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). This factor recognizes the significant difference between accepting a case on an hourly basis, and accepting a case on a contingent fee, whereby the plaintiff's attorney's payment depends on successful recovery, and is delayed until the case is ultimately resolved. Plaintiff's attorney accepted this case on a contingent-fee basis and has worked on this matter for over two years without payment. Additionally, all costs involved in this case has been paid by Plaintiff's counsel. Accordingly, the contingent nature of the recovery in this case justifies an upward adjustment to the lodestar amount.

(8) The amount involved and the result obtained: The jury's total verdict exceeds $1.4 million. An attorneys' fee of $175,000 would represent approximately twelve (12%) percent of the amount of the jury's verdict. A Texas Court has held that an award of over fifty percent of the plaintiff's recovery is not disproportionate under the TCHRA. *Wal-Mart Stores, Inc. v. Itz*, 21

S.W.3d 456, 482-84 (Tex.App.–Austin 2000, pet. denied).

(12) Awards in similar cases:

Similar cases in El Paso County, Texas have resulted in attorney fee awards well in excess of the lodestar amount. In *Gonzales*, a suit for gender discrimination, the Court upheld an attorneys' fee award through trial of $421,085.00, representing a lodestar enhancement of two times the attorney's usual hourly rate. *Gonzales*, 72 S.W.3d at 413. In *Wal-mart Stores v. Davis*, 979 S.W.2d 30, 45 (Tex.App.—Austin 1998, pet. denied), the court upheld a fee award of $427,000 in TCHRA case. In *Borg-Warner Prot. Svcs*, the court affirmed an attorney fee award of $339,509.86 in a single-plaintiff case under the TCHRA. *Borg-Warner Prot. Svcs*, 955 S.W.2d at 870. In *McClure v. West Telemarketing*, a TCHRA suit for discrimination on the basis of race, an El Paso trial court rendered judgment awarding attorney fees of $278,400 through trial, which represented an hourly rate of in excess of $400 for the plaintiff's counsel. *McClure v. West Telemarketing*, no. 2003-1292 in the County Court at Law No. Seven of El Paso County, Texas (appeal pending). In *Richardson v. White Consolidated*, Cause No. 2003-4378, the 327th District Court in El Paso awarded $300,000 in attorney fees in a TCHRA case (appeal pending). In *Strickland v. Aaron Rents*, EP 05 CA 013 DB, an El Paso federal district court awarded 98,010 in attorney fees ($300 per hour).

Based on all of these considerations, Plaintiff requests that the lodestar figure be enhanced and that the Court render judgment including a total attorneys' fee award of $175,000.

II.

**Appellate Fees**

Plaintiff further requests that the Court include in the judgment conditional awards of attorney fees in the following amounts, based on the same enhancements and the number of hours expected to be expended in providing these services:

1. Responses to any future post-verdict motions by the Defendant: $5,000.00;

2. Responses to any appeal by the Defendant to the Fifth Circuit Court of Appeals: $40,000.00;

3. In the event the U.S. Supreme Court grants a petition for writ of certiorari: $25,000.00

III.

Plaintiff's counsel has conferred with the attorney for the Defendant regarding this application, and certifies that this matter could not be resolved by agreement.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that this court grant the application for attorney fees in the amount set forth above.

Respectfully submitted,

JOHN A. WENKE
Attorney for Plaintiff
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Fax: (915) 351-9955
State Bar No. 00788643

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was mailed via certified mail to defense counsel, Michael Maslanka, on July 5, 2006.

JOHN A. WENKE

# EXHIBIT D

1IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FRED J. JACKSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. EP-08-CA-0112-FM |
| | § | |
| HOST INTERNATIONAL, INC., | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S APPLICATION FOR ATTORNEY FEES**

**TO THE HONORABLE FRANK MONTALVO, U.S. DISTRICT JUDGE:**

Comes Now, Plaintiff Fred Jackson, and files this his Application for Attorney Fees, and would respectfully show the Court the following:

I.

The TCHRA provides that the prevailing plaintiff in a suit under the Act may be awarded his attorney fees.  Tex.Lab.Code § 21.259 (Vernon 1996).  Plaintiff moves the Court to award attorney fees in the range of $175,000 to $200,000 for the reasons specified herein.  This application is supported by the affidavit of John A. Wenke, which is attached hereto as Exhibit 1.

Because this diversity case is governed by State law, under the *Erie* doctrine, the Court must look to State standards rather than federal standards to determine a reasonable attorneys' fee under the Act.   *See Mathis Corp. v. Exxon*, 302 F.3d 448, 461 (5th Cir. 2002).    The proper methodology for assessing an attorney fee award under the TCHRA was discussed in *Dillard Dept. Stores v. Gonzalez*, 72 S.W.3d 398, 412-13 (Tex.App.–El Paso 2002, pet. denied).  The Court upheld use of the "lodestar" methodology, under which the trial court

*Plaintiff's Application for Attorney Fees*
*Page 1 of 7*

first determines the number of hours reasonably spent by counsel on the matter, then multiply those hours by an hourly rate the court deems reasonable for similarly complex, non-contingent work. The lodestar figure may then be adjusted for factors known as multipliers, including the complexity of the case, the skill of the attorney, whether the fee is contingent, and the novelty of the issues raised. Formulated another way, the trial court may adjust the lodestar amount to account for factors first listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required; (4) the effect on other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the attorney's relationship with the client; and (12) awards in similar cases. If some of these factors are accounted for in the lodestar amount, they should not be considered when making adjustments.

*Gonzales*, 72 S.W.3d at 412 (internal citations omitted). In this case, a reasonable hourly rate for the work performed in El Paso County by an attorney of Plaintiff counsel's expertise and is between $250.00 to $400.00 per hour, and a reasonable number of hours to expend on the services performed in this matter is 374.3 hours. (See the attached affidavit). These figures yield a fee of between $93,575 to $149,720.

Plaintiff requests that the Court adjust the lodestar figure upward based on *Johnson* factors (1), (2), (3), (6), (8), (9), and (12) to award attorney fees an amount between $175,000 to $200,000. Plaintiff would show that these factors justify upward adjustment for the following reasons:

(1) The time and labor required: This case required Plaintiff's counsel to devote substantial time and labor. Plaintiff's counsel, who is a sole practitioner, has been working on this case for two and a half years. Defendant's pleadings indicate that at least four attorneys from law firms in Irvine, California; Washington, D.C.; and El Paso, Texas either made appearances and/or worked on this matter. A fifth attorney was present during a portion of trial, where

*Plaintiff's Application for Attorney Fees*
*Page 2 of 7*

Defendant had three attorneys present.     The Fifth Circuit has recognized that a vigorous defense can be considered in enhancing a lodestar. *DP Solutions, Inc. v. Rollins*, 353 F.3d 421, 433 (5th Cir. 2003).     The present case was tried over four days, and was set for trial twice.     The combination of trial preparation and the trial itself effectively shut down Plaintiff's law practice for over two weeks.  Plaintiff took no appointments during this time period, turning away several potential clients and cases.

    (2) The novelty and difficulty of the questions:

The pleadings filed in this case, as well as prior arguments of counsel, concede the novelty and difficult legal questions involved in this matter.     Plaintiff asserted two different legal claims: age discrimination and retaliation.   This case, like most discrimination cases, was void of direct evidence of discrimination, leaving Plaintiff's counsel the difficult task of using circumstantial evidence as the sole tool to convince a twelve person jury that an illegal motive existed behind Defendant's conduct.     This difficulty was enhanced by the fact that nearly all of the trial witnesses were current employees of the Defendant and either unwilling or afraid to testify favorably for Plaintiff.     Additional hurdles included Defendant's argument that Plaintiff's employment was limited in duration  (although he had performed the job for seventeen years); as well as a "same actor" inference argument.

The difficulty of proving unlawful motive in an employment case has been recognized as a basis for enhancing an attorney fee.  See *Hall v. Savings of America*, S.D.Tex.1994, 859 F.Supp. 1032 (S.D. Tex. 1994), *reversed*, 68 F.3d 470 (5th Cir. 1995) (table), *cert. denied*, 116 S.Ct. 1265, 516 U.S. 1173, 134 L.Ed.2d 213 (1996);  and *Borg-Warner Protective Servs. Corp. v. Flores*, 955 S.W.2d 860, 870 (Tex.App.–Corpus Christi 1997, dism'd by agrmt. on reh'g).

(3) The level of skill required; and (9) The experience, reputation, and ability of the attorneys: Plaintiff respectfully suggests that an above-average level of skill is required to successfully pursue an employment discrimination claim to a verdict for the employee. Plaintiff's counsel has tried over fifty jury trials with several million dollar plus verdicts. Of the employment case tried, liability has been found in all but two of them (with one of the defense verdicts being reversed and remanded by the El Paso Court of Appeals). In twelve of the cases, the jury returned a verdict in excess of $275,000. Six of the verdicts have been in excess of one million dollars; two of the verdicts have exceeded ten million dollars. In the year 2001, Plaintiff's counsel obtained the largest single-plaintiff employment law verdict in the nation.

(6) Whether the fee is fixed or contingent: As noted above, State standards, rather than federal law, govern the reasonableness of an attorneys' fee award in this *Erie* case. *Mathis Corp.*, 302 F.3d at 461. Unlike federal law, Texas law permits the contingent nature of the plaintiff's recovery to be considered as a multiplier in enhancing a lodestar award. *Gonzales*, 72 S.W.3d at 413, *distinguishing City of Burlington v. Dague*, 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). This factor recognizes the significant difference between accepting a case on an hourly basis, and accepting a case on a contingent fee, whereby the plaintiff's attorney's payment depends on successful recovery, and is delayed until the case is ultimately resolved. Plaintiff's attorney accepted this case on a contingent-fee basis and has worked on this matter for over two years without payment. Additionally, all costs involved in this case have been paid by Plaintiff's counsel. Accordingly, the contingent nature of the recovery in this case justifies an upward adjustment to the lodestar amount.

(8) The amount involved and the result obtained:      The jury's total verdict and the final judgment is $982,500. An attorney fee of $175,000 to $200,000 would represent approximately 17.8% to 20.3% of the amount of the verdict / judgment amount. A Texas Court has held that an award of over fifty percent of the plaintiff's recovery is not disproportionate under the TCHRA. *Wal-Mart Stores, Inc. v. Itz*, 21 S.W.3d 456, 482-84 (Tex.App.–Austin 2000, pet. denied).

(12) Awards in similar cases:

Similar cases in El Paso County, Texas have resulted in attorney fee awards well in excess of the lodestar amount. In *Gonzales*, a suit for gender discrimination, the Court upheld an attorneys' fee award through trial of $421,085.00, representing a lodestar enhancement of two times the attorney's usual hourly rate. *Gonzales*, 72 S.W.3d at 413. In *Wal-mart Stores v.*

*Davis*, 979 S.W.2d 30, 45 (Tex.App.—Austin 1998, pet. denied), the court upheld a fee award of $427,000 in TCHRA case. In *Borg-Warner Prot. Svcs*, the court affirmed an attorney fee award of $339,509.86 in a single-plaintiff case under the TCHRA. *Borg-Warner Prot. Svcs* , 955 S.W.2d at 870. In *McClure v. West Telemarketing*, a TCHRA suit for discrimination on the basis of race, an El Paso trial court rendered judgment awarding attorney fees of $278,400 through trial, which represented an hourly rate of in excess of $400 for the plaintiff's counsel. *West Telemarketing Corp. Outbound*, 225 S.W.3d 658 (Tex.App.—El Paso 2006, vacated by agrmt.)

Similar cases handled by the undersigned attorney have also resulted in attorney fee awards in the same range. In *Richardson v. White Consolidated*, Cause No. 2003-4378, the 327th District Court in El Paso awarded $300,000 in attorney fees in a TCHRA case (gender discrimination). The attorney fee award represented 60% of the judgment amount after damage caps were applied. In *Edwards v. Aaron Rents*, EP 04 CA 219 KC, the federal district court awarded $130,752 in attorney fees in a TCHRA case (gender discrimination). The attorney fee award represented 35.4% of the judgment amount after damage caps were applied. In *Strickland v. Aaron Rents*, EP 05 CA 013 DB, an El Paso federal district court awarded $98,010 in attorney fees in a TCHRA case (gender discrimination). The attorney fee award represented 35.6 % of the jury verdict amount. In all three cases, a lodestar enhancement to the hourly attorney fees were issued by each respective court. Based on all of these considerations, Plaintiff requests that the lodestar figure be enhanced and that the Court render an attorneys' fee award in the range of $175,000 to $200,000.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that this court grant the application for attorney fees in the amount set forth above.

Respectfully submitted,


/s/ John A. Wenke
**JOHN A. WENKE**
State Bar No. 00788643
LAW OFFICE OF JOHN A. WENKE
501 E. California Ave.
El Paso, Texas 79902
Telephone:  (915) 351-8877
Facsimile:  (915) 351-9955
ATTORNEY FOR PLAINTIFF


### CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2009, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel.


/s/ John A. Wenke
**JOHN A. WENKE**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FRED J. JACKSON,                          §
                                          §
            *Plaintiff*,                  §
                                          §
v.                                        §        No. EP-08-CA-0112-FM
                                          §
HOST INTERNATIONAL, INC.,                 §
                                          §
            *Defendant*.                  §

## AFFIDAVIT OF JOHN A. WENKE

STATE OF TEXAS                            *
                                          *
                                          *
COUNTY OF EL PASO                         *

BEFORE ME, the undersigned official, on this day personally appeared John A. Wenke, and being first duly sworn according to law, upon his oath deposed and said as follows:

"My name is John A. Wenke. I am over eighteen (18) years of age and I am fully competent to make this affidavit. I am an attorney duly licensed to practice law in the State of Texas, and have been so licensed since November, 1993. I am also admitted to practice before the United States District Courts, Western District of Texas. I am the attorney for the Plaintiff Fred Jackson, and trial counsel in his case styled *Fred Jackson v. Host International, Inc.* This matter was tried to a twelve person jury, who unanimously found that the Defendant discriminated and retaliated against Mr. Jackson, and awarded $982,500.00 in damages.

I am a sole practitioner and my primary area of practice is plaintiff's employment law. My office has a staff of only one person - a legal assistant. I have tried over fifty jury trials, and have received several favorable jury verdicts in employment cases. These verdicts include the

1

following: $30.5 million (workers' comp retaliation), $10.4 million (age discrimination), $2.3 million (age discrimination), $1.9 million (gender / retaliation) $1.6 million (age discrimination), $1.4 (gender discrimination); $982,500 (age discrimination / retaliation); $503,000 (gender discrimination), $500,000 (race discrimination), $375,000 (race and retaliation), $362,500 (workers' comp retaliation) and $275,300 (gender discrimination). In 2001, I had the largest single plaintiff employment law verdict in the nation. I have been selected as a "Texas Super Lawyer" in Employment Litigation and/or Labor & Employment Law by *Texas Monthly Magazine* on six separate occasions. I have also been named to the "Best Lawyers in America" list for Labor and Employment Law on three different occasions.

In the present case, Plaintiff's counsel has spent approximately 374.3 hours working on this case, as reflected below. Contemporaneous records of time have been kept in this case. Based upon my experience, this is a reasonable amount of hours to expend on an employment discrimination case through trial.

| General Description of Work | Hours |
|---|---|
| 1. Pleadings (research and drafting of petition, motion for leave, amended petition, Motion to quash subpoena, witness lists, exhibit lists, pretrial CV-16(e) Submissions, motion in limine, trial subpoenas jury instructions, jury charge; and trial brief regarding circumstantial evidence in discrimination cases. | 89.7 |
| 2. Discovery (drafting of interrogatories, requests for production , Federal disclosures, answering defendant's interrogatories, request for production, supplemental responses; review of defendant's responses to plaintiff's interrogatories, requests for production (which included personnel records of plaintiff from defendant, his prior employer, plaintiff's medical records, and employment records of other individuals | 51.2 |
| 3. Correspondence, e-mails, memos and/or telephone calls between attorney and staff; client; opposing counsel; third parties; witnesses or potential witnesses; court reporters; process servers; video equipment company | 47.9 |
| 4. Depositions (preparation, review of discovery responses, meetings, and attendance | 35.4 |
| 5. Mediation (preparation and attendance) | 8.6 |

2

| 6. | Trial preparation<br>(reviewed depositions, discovery responses, meetings with witnesses,<br>drafting of direct and cross examination questions for ten potential witnesses;<br>prepared exhibits and demonstrative evidence; legal research for potential<br>issues at trial) | | 85.0 |
| 7. | Trial (including prep and review during four day trial) | | 48.0 |
| 8. | Post verdict work (attorney fee applications, affidavit) | | 8.5 |
| | | Total | 374.3 |

I accepted representation of this case on a 40% contingent fee basis.   I have received no compensation for any of the hours worked on this case thus far, and all costs involved in this case have been fully paid by me.

I am familiar with customary hourly fee charged by attorneys who handle employment cases in El Paso County, Texas.   For attorneys with my trial experience, a reasonable fee ranges from $250 to $400 per hour.   According to *Texas Lawyer*, the average hourly billing rate for an equity partner in Texas is $371 per hour. The average hourly rate for equity partners in large law firms is $512 per hour. *See Texas Lawyer*, June 30, 2008, p. 23.

Past employment cases handled by the undersigned attorney have resulted in attorney fee awards in the same range.  In *Richardson v. White Consolidated*, Cause No. 2003-4378, the 327th District Court in El Paso awarded $300,000 in attorney fees in a TCHRA case (gender discrimination).  The attorney fee award represented 60% of the judgment amount after damage caps were applied.  In *Edwards v. Aaron Rents*, EP 04 CA 219 KC, the federal district court awarded $130,752 in attorney fees in a TCHRA case (gender discrimination).   The attorney fee award represented 35.4% of the judgment amount after damage caps were applied.  In *Strickland v. Aaron Rents*, EP 05 CA 013 DB, the federal district court awarded $98,010 in attorney fees in a TCHRA case (gender discrimination).   The attorney fee award represented 35.6 % of the jury verdict amount.  In all three cases, a lodestar enhancement to the hourly attorney fees was given by

3

each respective court. It is my opinion that, based on a consideration of all relevant factors in this case, a lodestar enhancement of attorney fees to the $175,000 to $200,000 range is reasonable.

Further, affiant sayeth not.

John A. Wenke
**John A. Wenke**

Subscribed and sworn to before me on this the _17TH_ day of September, 2009, to which witness my hand and official seal.

Notary Public, State of Texas

VERONICA WENKE
Notary Public, State of Texas
My Commission Expires
April 27, 2011